Charles BISCHOFF, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A02–9807–CR–627.

Court of Appeals of Indiana.

Nov. 23, 1998.

Transfer Denied Jan. 27, 1999.

ROBB, Judge.

Charles Bischoff admitted a violation of probation and was ordered incarcerated for 488 days, the remainder of his sentence from the underlying case. The trial court credited Bischoff with forty-six days served. Bischoff appeals the trial court's allowance of credit time and requests immediate release from custody. We affirm.

*Issue*

Bischoff presents for our review the following restated issue: whether he is entitled to credit for time spent incarcerated from the date of his arrest for the violation of probation through disposition, when he was simultaneously incarcerated on another charge.

*Facts and Procedural History*

Bischoff entered a plea of guilty in March 1995, to Operating a Vehicle while Intoxicated as a Class D felony, and was sentenced by the Huntington County Superior Court to one and one-half years incarceration, with sixty days to be executed and the remainder to be served on probation (the "OWI case"). In January of 1996, Bischoff's probation was transferred to Wabash County. On March 26, 1996, Bischoff reported for an appointment with a Wabash County probation officer and took an alco-sensor test at the request of the officer which registered positive for alcohol. Bischoff was then escorted to the Wabash County sheriff's department and given a breathalyzer test which registered .13% blood alcohol content. While at the sheriff's department, Bischoff notified the officer conducting the test that he was in possession of a handgun. The handgun was removed from his possession and he was held at the Wabash County jail on the charge of Carrying a Handgun without a License having had a Felony Conviction within Fifteen Years, a Class C felony (the "handgun case"). Both consuming alcohol and carrying a weapon were in violation of the terms of Bischoff's probation.

On April 11, 1996, a warrant was issued by Huntington Superior Court on a Petition to

Susan K. Carpenter, Public Defender, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James A. Garrard, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

Revoke Probation in the OWI case and the warrant was served on Bischoff in the Wabash County jail on April 15, 1996. On September 9, 1996, Bischoff entered a plea of guilty in the handgun case and was sentenced to four years incarceration in the Indiana Department of Correction, all executed. With credit time, Bischoff's release date in the handgun case was March 26, 1998. Also on March 26, 1998, the warrant on the probation revocation in the OWI case was re-served. On May 11, 1998, Bischoff admitted to the violation in the OWI case, and the trial court ordered that Bischoff serve the balance of his suspended sentence. The court further ordered that the sentence be served consecutive to that imposed in the handgun case. As Bischoff had been released from the custody of Wabash County on March 26, 1998, in the handgun case, the court ordered that Bischoff receive credit from March 26, 1998 toward the sentence in the OWI case. Bischoff now appeals the trial court's denial of credit in the OWI case for the time he spent incarcerated for the handgun case.

### Discussion and Decision

■ Bischoff argues that the trial court erred in refusing to grant him jail time credit in Huntington County for time served in Wabash County and later, in the Indiana Department of Correction, in connection with the handgun case. Bischoff believes that he should have received credit in Huntington County from April 15, 1996, the date the warrant was served on the probation violation, until he was sentenced on May 11, 1998, because he was confined as a result of the warrant. Bischoff therefore believes that he has more than served his time on the probation revocation and is entitled to immediate release.

■ A person imprisoned for a crime or confined awaiting trial or sentencing earns one day of credit time for each day he is confined. Ind.Code §§ 35–50–6–3, –4. Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. Ind.Code § 35–50–6–3; *Wil-*

*loughby v. State,* 626 N.E.2d 601, 602 (Ind. Ct.App.1993). Credit is to be applied for time spent in confinement that is the result of the charge for which the defendant is being sentenced. *Id.*

Bischoff has not demonstrated that the time he spent confined in the Wabash County jail or the Indiana Department of Correction after he was served with the Huntington County arrest warrant was a result of the OWI case. He has provided no evidence to show that the warrant served as a "hold" which would have caused Wabash County to retain custody of him even if no charges had been pending in Wabash County. *See Richeson v. State,* 648 N.E.2d 384, 391 (Ind.Ct. App.1995), *trans. denied* (holding that the Porter County trial court did not err in refusing to grant the defendant jail time credit in Porter County for time served in Lake County even after Porter County issued a detainer on him). The time Bischoff spent incarcerated in Wabash County and the Department of Correction was a result of the handgun case, and he was therefore not entitled to credit for that time in the OWI case.

Moreover, Indiana Code section 35–50–1–2(b) provides in pertinent part:

> If, after being arrested for one (1) crime, a person commits another crime;
>
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime;
>
> . . .
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

The statutory mandate is clear: when these circumstances occur, the sentences for the offenses shall be served consecutively. It is beyond dispute that Bischoff's offenses occurred within the coverage of this section. Because sentence was imposed in the handgun case before Bischoff's probation was revoked in the OWI case, the court in the OWI case was required upon revoking Bischoff's probation to require that the sentences be served consecutively. If Bischoff were to be granted credit in the OWI case for the time

he spent serving his sentence in the handgun case, he would have effectively been granted concurrent sentences in contravention of the above statutory mandate.

The trial court in the OWI case did not err in refusing to grant Bischoff jail time credit in the OWI case for time served as a result of the handgun case.

Affirmed.

BAKER and GARRARD, JJ., concur.