Michael L. JAMES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 62A01–0702–CR–90.

Court of Appeals of Indiana.

Aug. 29, 2007.

S. Rod Acchiardo, Tell City, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

*Case Summary and Issue*

Following a jury trial at which he was found guilty of possession of methamphetamine, a Class C felony, Michael James appeals the trial court's denial of his motion to correct error. Specifically, he raises the issue of whether the trial court properly refused to give him credit for the time he spent incarcerated and on house arrest while awaiting trial on two charges, which were eventually dismissed, for dealing in methamphetamine and possession of methamphetamine. We conclude the trial court did not abuse its discretion in refusing to give James credit for the time he spent on pre-trial house arrest; however, the trial court did commit error in denying James credit for the time he spent in pre-trial confinement. We therefore affirm in part and reverse in part.

*Facts and Procedural History*

On April 2, 2005, James was a passenger in a vehicle driven by another person when James and the driver were subject to a traffic stop. James was placed under arrest when police found 11.4 grams of meth-

amphetamine in his shoes.[1] On April 5, 2005, the State charged James with one count of dealing in methamphetamine as a Class A felony and one count of possession of methamphetamine as a Class C felony. On the same day, James was incarcerated at the Perry County Jail. On May 5, 2005, James was released on his own recognizance and placed on house arrest while his jury trial was pending. On November 16, 2005, the State dismissed the two charges and charged James with possession of methamphetamine as a Class A felony based on the same events that had taken place on April 2, 2005.

On June 13, 2006, a jury returned a guilty verdict for possession of methamphetamine as a Class C felony. On August 11, 2006, the trial court sentenced James to seven years in the Department of Correction.

James then filed a motion to correct error alleging he was entitled to credit for the time he spent in pre-trial incarceration and house arrest while the dismissed charges of dealing in methamphetamine and possession of methamphetamine were still pending. The trial court denied the motion. James now appeals.

### Discussion and Decision

James argues the trial court abused its discretion by denying his motion to correct error because he was entitled to credit for the time he spent in pre-trial incarceration and house arrest. The State contends the

trial court did not abuse its discretion in refusing to award James credit for the time he spent on pre-trial house arrest, but agrees that James was entitled to credit for the time he spent in pre-trial incarceration.

### I. Standard of Review

■■■ The trial court has discretion to grant or deny a motion to correct error, and we reverse the trial court's decision only for an abuse of that discretion. *Roberts v. State*, 854 N.E.2d 1177, 1178 (Ind. Ct.App.2006), *trans. denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

### II. Denial of Motion to Correct Error

■■ Generally, because pre-sentence jail time credit is a matter of statutory right, trial courts "do not have discretion in awarding or denying such credit." *Molden v. State*, 750 N.E.2d 448, 449 (Ind.Ct. App.2001). However, "those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion." *Id.*

■■ A person "imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Ind.Code § 35–50–6–4(a). "A person assigned to Class I earns one (1) day of credit time for

1. It is unclear when James was initially incarcerated. James states he was arrested and incarcerated on April 2, 2005, at the Tell City Police Station, while the filing of formal charges were pending. *See* Brief of Appellant at 3. The record shows he was detained at the Tell City Police Station on April 2, 2005, but it cannot be ascertained whether he remained there until his incarceration at the Perry County Jail on April 5, 2005. *See* Appellant's Appendix at 41. James's motion to correct error to the trial court requests that his credit for pre-trial incarceration should begin to accrue from April 5th, when he was first incarcerated at the Perry County Jail. The State does not provide further facts, but it declares it does not have additional information because James's counsel failed to provide a transcript of his jury trial. Since James initially requested to be credited for his pre-trial incarceration starting April 5th, we will assume his pre-trial incarceration started at this point.

each day he is imprisoned for a crime or confined awaiting trial or sentencing." Ind.Code § 35–50–6–3(a). The determination of a defendant's pre-trial credit depends on (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. *Stephens v. State,* 735 N.E.2d 278, 284 (Ind.Ct.App.2000), *trans. denied.*

As both sides acknowledge, no Indiana case has addressed the precise issue raised herein: whether a dismissed charge that was based on the same conduct as a subsequently-filed charge for which the defendant is convicted and sentenced constitutes "the criminal charge for which sentence is begin imposed." Our case law is clear that a defendant is not entitled to credit for time served "on wholly unrelated offenses." *Dolan v. State,* 420 N.E.2d 1364, 1373 (Ind.Ct.App.1981). As it is undisputed in this case that the re-filed charge is based on the same set of underlying facts as the dismissed charges for which James was incarcerated pending trial, giving James credit for his pre-trial incarceration is not giving him credit for a wholly unrelated offense. We hold that, in these specific circumstances, James was entitled to credit for his period of pre-trial incarceration and the trial court abused its discretion in denying it. *Cf. Sweeney v. State,* 704 N.E.2d 86, 101–02 (Ind.1998), *cert. denied,* 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999) (noting that for Criminal Rule 4(C) purposes, the days a defendant was incarcerated on charges which are later dismissed and re-filed count toward the State's time limit for bringing a defendant to trial). On remand, the trial court should award James credit for the period of April 5, 2005 to May 5, 2005, during which he was incarcerated pending trial on the original charges.

However, the trial court did not abuse its discretion in denying James credit for the time he spent on house arrest. "[A] trial court is within its discretion to deny a defendant credit toward sentence for pre-trial time served on home detention." *Purcell v. State,* 721 N.E.2d 220, 224 n. 6 (Ind.1999); *see also Molden,* 750 N.E.2d at 450–51. The rationale for the difference in treatment between time spent at home and time spent in jail or prison is that the time spent at home does not place the same restrictions upon personal liberty as time spent in jail or prison. *Id.* Here, James was on house arrest from May 5, 2005 to November 16, 2005. We hold the trial court did not abuse its discretion in refusing to give James credit for this six-month period.

### Conclusion

The trial court did not abuse its discretion in denying James credit for the time he spent on pre-trial house arrest; however, we conclude that the trial court improperly denied James's motion requesting credit for the time he spent in jail while trial was pending on charges that stemmed from the same incident that formed the basis for his conviction and that were later dismissed.

Affirmed in part and reversed and remanded in part.

KIRSCH, J., and BARNES, J., concur.