Keland L. BROWN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A05–0812–CR–716.

Court of Appeals of Indiana.

June 12, 2009.

Gary Cook, Deputy Public Defender, Kokomo, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Marjorie Lawyer–Smith, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Keland L. Brown appeals from his sentence after he was convicted of Dealing in Cocaine, as a Class B felony, pursuant to a guilty plea. Brown raises two issues for our review, which we restate as the following three issues:

1. Whether the trial court abused its discretion by not identifying Brown's guilty plea as a mitigating factor during sentencing.

2. Whether Brown's sentence is inappropriate under Indiana Appellate Rule 7(B).

3. Whether the trial court erred when it denied Brown's request for pretrial credit time against his sentence.

We affirm in part, reverse in part, and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Brown was arrested on March 6, 2008, on various charges of dealing, possession, and false informing. On April 9, while Brown was in jail, the State filed four additional charges against him for dealing. Those additional charges were, apparently,[1] factually distinct from the March 6 charges. On April 10, the State "arrested" Brown on the April 9 charges, although Brown was already in jail due to the prior arrest. Brown remained in jail until his October 15 sentencing hearing. At that hearing, Brown pleaded guilty to one of the four April 9 charges, in exchange for which the State dismissed all the other pending charges. The court sentenced Brown to ten years incarceration after finding no mitigating circumstances and finding Brown's criminal history and violation of probation as aggravators. The trial court did not award Brown any credit time for time served. This appeal ensued.

### DISCUSSION AND DECISION

#### Issue One: Guilty Plea as Mitigator

█ Brown first asserts that the trial court abused its discretion because it did not consider his guilty plea to be a mitigating circumstance in sentencing him. Specifically, Brown argues that his guilty plea is entitled to significant mitigating weight because he "pleaded guilty in the early stages of the proceedings, demonstrated a willingness to change, and demonstrated a recognition of his problem with cocaine." Appellant's Brief at 6. We cannot agree.

█ Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007).

So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion. As we have previously observed, "In order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of [its] reasons for imposing the sentence.... This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions. Of course such facts must have support in the record." *Page v. State*, 424 N.E.2d 1021, 1023 (Ind.1981). An abuse of discretion occurs if the decision is "clearly against the logic and

---

1. Neither party develops the factual basis for those charges in the briefs on appeal, and we could not glean any relevant information from a review of the Appellant's Appendix.

effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State,* 849 N.E.2d 538, 544 (Ind.2006) (quoting *In re L.J.M.,* 473 N.E.2d 637, 640 (Ind.Ct. App.1985)).

One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *Id.* at 490–91.

■■■ The trial court is not obligated to explain why it does not find a proffered mitigator to be significant, and a guilty plea "is not automatically a significant mitigating factor." *Sensback v. State,* 720 N.E.2d 1160, 1165 (Ind.1999). When the defendant has already received a substantial benefit from the plea agreement, a guilty plea may not be a significant mitigator. *See, e.g., id.* Moreover, a guilty plea may not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. *Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct.App.2005), *trans. denied.*

Here, the trial court did not abuse its discretion when it did not recognize Brown's guilty plea as a significant miti-

gator. In exchange for Brown's pleading guilty to a single Class B felony, the State dismissed seven other pending charges, at least three of which were also felonies. And the State agreed to have Brown's sentence capped at ten years, the advisory term for a Class B felony. Thus, Brown received a substantial benefit from his plea bargain, and the trial court was not obliged to extend to him another benefit in its sentencing order. *See Sensback,* 720 N.E.2d at 1165.

**Issue Two: Appellate Rule 7(B)**

■■■■ Brown next contends that his ten-year sentence is inappropriate in light of the nature of his offense and his character. In reviewing a defendant's sentence under Indiana Appellate Rule 7(B), we give due consideration to the trial court's decision. *Stewart v. State,* 866 N.E.2d 858, 866 (Ind.Ct.App.2007). The burden is on the defendant to persuade this court that his sentence is inappropriate. *Id.*

The advisory ten-year sentence is not inappropriate in light of the nature of Brown's offense and his character. Brown pleaded guilty to dealing in cocaine after he sold cocaine to a confidential informant on March 3, 2008. Brown has an extensive criminal history, including at least five prior convictions, at least two of which were drug related. And Brown was on probation when he committed the instant offense. Brown has not met his burden on appeal of demonstrating that his sentence is inappropriate.

**Issue Three: Credit Time**

■■■ Finally, Brown asserts that the trial court erred when it refused to credit him with time served while he was awaiting trial and sentencing. On this issue, this court does not have a majority opinion, although two panel members agree that some award of pretrial credit is required under Indiana law.

The State argues that the trial court did not err in awarding Brown zero days credit time in light of *Bischoff v. State*, 704 N.E.2d 129 (Ind.Ct.App.1998), *trans. denied.* But *Bischoff* relied upon Indiana Code Section 35–50–1–2, which requires consecutive sentences when a defendant is being sentenced both for a crime committed while on probation and in a probation revocation. And where consecutive sentences are required, credit time cannot be earned against each of the underlying sentences. This court has noted in the past that Bischoff only applies when mandatory consecutive sentences are at issue so as to prevent the award of "double credit time." *See, e.g., Diedrich v. State*, 744 N.E.2d 1004, 1007 n. 3 (Ind.Ct.App.2001). Mandatory consecutive sentences are not at issue here and, therefore, Bischoff is not applicable.

The parties express two mutually exclusive positions. The State's position leads to the conclusion that credit time can never be earned when a defendant is in jail on multiple counts and at least one of those counts is eventually dismissed. But Brown's argument on appeal suggests that all charges disposed of in a plea agreement entitle a defendant to credit for time served on those charges. Neither argument is wholly supportable.

Case law supports a middle ground. Specifically, in *James v. State*, 872 N.E.2d 669, 672 (Ind.Ct.App.2007), this court noted as follows:

> Our case law is clear that a defendant is not entitled to credit for time served on wholly unrelated offenses. As it is undisputed in this case that the re-filed charge is based on the same set of underlying facts as the dismissed charges for which James was incarcerated pending trial, giving James credit for his pretrial incarceration is not giving him credit for a wholly unrelated offense.

We hold that, in these specific circumstances, James was entitled to credit for his period of pre-trial incarceration and the trial court abused its discretion in denying it.

(Citations and quotations omitted.) That is, whether a defendant earns credit time for charges dismissed by a plea agreement turns on whether those charges and the charges on which the sentence is imposed are "based on the same set of underlying facts." *See id.*

Here, there is no contention, and no reason to believe, that the dismissed March 6 charges were factually related to the April 9 charge on which Brown was eventually sentenced. Accordingly, Brown is not entitled to credit for time served from March 6 to April 10.

■ However, whether Brown is entitled to credit for time served between April 10 and October 15 presents an entirely different question. During that time period, Brown was incarcerated for the charge on which he eventually pleaded and was sentenced, along with the other dismissed charges. It has long been the law in Indiana that "[a] defendant who is awaiting trials on different crimes during the same period of time and who is convicted and sentenced separately on each should have full credit applied on each sentence." *Dolan v. State*, 420 N.E.2d 1364, 1372 (Ind.Ct.App.1981); *see also French v. State*, 754 N.E.2d 9, 17 n. 6 (Ind.Ct.App.2001) (noting that, "under the precedent of *Dolan*, the trial court should have started calculating [the defendant's] credit time from the date of his arrest" and not from the prior date of incarceration for unrelated charges); *Stephens v. State*, 735 N.E.2d 278, 284 (Ind.Ct.App. 2000) ("It is well-settled that where a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, IC 35–50–

6–3 entitles him to receive credit time applied against each separate term."), *trans. denied.* That is, a defendant in jail on multiple charges accrues credit time towards each charge.[2] Here, while some of those charges—and the credit time accrued against those charges—were dismissed pursuant to the plea agreement, Brown nonetheless still accrued credit time towards his eventual sentence from April 10 to October 15. The trial court erred in not awarding Brown credit for that period of time served.

### Conclusion

In sum, this panel unanimously agrees that the trial court did not err in not assigning mitigating weight to Brown's guilty plea and that Brown's ten-year sentence is not inappropriate. But there is no majority opinion on the amount of credit time to which Brown is entitled. Because two of the three panel members agree that Brown's credit time began to accrue not later than April 10, 2008, the day on which he was arrested for the crime he was ultimately sentenced on, we remand this matter to the trial court with instructions that it award Brown credit for time served beginning on that date.

Affirmed in part and reversed and remanded in part.

BAKER, C.J., concurs in part and dissents in part with separate opinion.

KIRSCH, J., concurs in part and dissents in part with separate opinion.

BAKER, Chief Judge, concurring in part and dissenting in part.

I agree with my colleagues' conclusion that the trial court did not abuse its discretion in not recognizing Brown's guilty plea

as a significant mitigating factor. Moreover, I agree that Brown's ten-year sentence is appropriate when considering the nature of his offense and his character. However, I part ways with the determination that Brown is entitled to pretrial credit time against his sentence.

The lead opinion quotes this court's opinion in *James v. State* for the proposition that whether a defendant earns credit time for charges dismissed by a plea agreement turns on whether those charges and the charges on which the sentence is imposed are "based on the same set of underlying facts." 872 N.E.2d 669, 672 (Ind.Ct.App.2007). Here, it is not disputed that the charges dismissed on March 6 were not related to the April 9 charge on which Brown was eventually sentenced. Thus, I agree with the lead opinion's determination that Brown is not entitled to credit for time served from March 6 to April 10.

On the other hand, I cannot agree with the conclusion that Brown should receive credit for time served between April 10 and October 15. As the lead opinion notes, this court in *Stephens v. State,* 735 N.E.2d 278, 284 (Ind.Ct.App.2000), held that where the defendant incarcerated on more than one charge is sentenced to concurrent terms for the separate crimes, "IC 35–50–6–3 entitles him to receive credit time applied against each separate term." However, Brown was not sentenced to concurrent terms of incarceration for separate crimes. Rather, he pleaded guilty to only one charge and the remaining unrelated counts were dismissed pursuant to the plea agreement. Because those charges were dismissed in accordance with the terms of the plea agreement, it follows that Brown

**2.** Again, this rule does not apply to mandatory consecutive sentences, but that is not relevant here.

was not incarcerated as a result of the charge for which he was sentenced. Thus, I cannot agree that the rule announced in *Stephens* cited above regarding Indiana Code section 35–50–6–3 applies in these circumstances. Although the parties could have allowed for credit time that pertained to the "wholly unrelated charges" that were ultimately dismissed, the parties did not negotiate such terms in the plea agreement.

Additionally, I believe that this court's opinion *Dewees v. State* is instructive here. In *Dewees*

> [The defendant] was arrested ... and confined to jail on a theft charge on August 12, 1981. An information was filed on August 18, 1981. Dewees made bond on September 1, 1981, and remained free ... until September 3, 1981, when he was rearrested ... on new unrelated theft and burglary charges.... Dewees remained in ... jail until December 30, 1981, when, upon his plea of guilty pursuant to a written plea bargain, he was given a four-year executed sentence for the earlier theft charge. The later, unrelated burglary and theft charges were dismissed pursuant to the same plea bargain. The trial court credited the defendant with 21 days presentence jail time (apparently from August 12 to September 1).

444 N.E.2d 332, 332 (Ind.Ct.App.1983). In affirming the trial court, we observed that

> Although IC 35–50–6–3 states a defendant is allowed credit for time 'confined awaiting trial or sentencing,' we conclude the Legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit time for time served on wholly unrelated offenses. *Under the criminal justice system, once convicted, the defendant must serve the sentence imposed for the offense committed. Credit time allowed by legislative grace toward a specific sentence clearly must be for time served for the offense for which that specific sentence was imposed.*

> . . .

> Dewees was clearly not held more than 21 days on the charge for which he was sentenced. *He is not entitled to any credit which may have accrued on a separate charge.* The rule and the statute are based on the constitutional guarantees involving double jeopardy and equal protection. The end result is that a defendant, because of time spent in jail awaiting trial, will not serve more time than the statutory penalty for the offense, and will not serve more time than a defendant who has the good fortune to have bail money.

*Id.* at 334 (emphases added).

In light of the conclusion reached in *Dewees,* coupled with the rule that credit is to be applied for confinement time that is a "result of the criminal charge for which sentence is being imposed," *e.g., James,* 872 N.E.2d at 672, I believe that the trial court properly denied Brown's request for pretrial credit time. Thus, I would affirm the judgment in all respects.

KIRSCH, Judge, concurring in part and dissenting in part.

I concur in the decision of the lead opinion affirming Brown's sentence and awarding him credit time from April 10, 2008 forward, but I respectfully dissent from the decision denying Brown credit time prior to such date.

In *Bischoff v. State,* 704 N.E.2d 129 (Ind.Ct.App.1998), the defendant was arrested and awaiting trial on a gun charge when he was charged with violating his

probation. He was found guilty of the gun charge and determined to have violated his probation. The court imposed consecutive sentences and awarded him credit time against the sentence for the gun conviction. On appeal, the defendant claimed he should have credit time against both sentences. We denied double credit time.

Here, Brown is not claiming double credit time; rather, he is asking that be given credit for the time spent in jail on charges that were resolved by his plea agreement. My belief is that where a trial court is sentencing pursuant to a plea agreement that resolves multiple charges, *including the charge for which the defendant is being held in jail,* that credit time should be accorded against the sentence ultimately imposed in the absence of a provision in the plea agreement to the contrary. Here, the State agreed to dismiss the charges for which Brown was being held. While such a provision is usually to the benefit of the defendant; here, it acted to Brown's detriment. Had Brown pleaded guilty to one or more of such charges, he clearly would have been entitled to credit time against the resulting sentence.