Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2012, 8:35 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DANIEL NANOS**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL NANOS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1205-CR-238 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-0610-FB-199119

**October 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Daniel Nanos appeals the trial court's denial of his motion for jail time credit. We reverse and remand.

**Issue**

The sole restated issue is whether the trial court erred in denying Nanos's motion for six days of additional pre-sentencing jail time credit.

**Facts**

On October 5, 2006, a Greenwood Police Department officer went to a CVS store in Greenwood, where Nanos worked, to investigate a child pornography complaint. One of Nanos's co-workers had found a camera belonging to him and discovered that it contained photographs of young, nude females. Nanos apparently had not taken the pictures himself, but had downloaded them from the internet and placed them on the camera. On October 10, 2006, officers of the Greenwood Police Department and Marion County Sheriff's Department executed a search warrant at Nanos's residence in Indianapolis. A detective discovered more child pornography images on a computer in the residence, as well as other photographs of children under eighteen years old that Nanos apparently had copied from the CVS photo lab.

Nanos then admitted to officers that he kept additional computer media containing child pornography in a storage shed in Indianapolis, and he consented to a search of the shed. In the shed, officers discovered, among other items, a CD that contained over 5,000 child pornography images. Additionally, officers found precursors for

manufacturing methamphetamine in the shed, and Nanos admitted that he had manufactured the drug.

On October 11, 2006, Nanos was arrested in Johnson County for at least one count of Class C felony child exploitation and was subsequently housed at the Johnson County Jail.[1] On October 16, 2006, the Marion County Prosecutor's Office charged Nanos with seventeen counts of Class C felony child exploitation, eighty-three counts of Class D felony possession of child pornography, and one count of Class B felony manufacturing methamphetamine. On October 17, 2006, Nanos was transferred from the Johnson County Jail to the Marion County Jail.

Nanos agreed to plead guilty to one count of Class B felony manufacturing methamphetamine, four counts of Class C felony child exploitation, and two counts of Class D felony possession of child pornography. The presentence report prepared for Nanos's sentencing stated, in part, that the Johnson County Prosecutor's Office had declined to prosecute Nanos "due to most of the offenses occurring in Marion County and they were advised that Marion County would be filing charges against Mr. Nanos." App. p. 12. On August 1, 2007, the trial court sentenced Nanos to a term of fifteen years on the methamphetamine charge, with five years suspended. Nanos also was sentenced to terms of eight years for each child exploitation conviction and three years for each child

---

[1] The State faults Nanos for failing to provide more documentary evidence regarding the Johnson County charges. However, it does appear that Nanos, who is incarcerated and appearing pro se, has been diligent in attempting to obtain records related to the Johnson County charges. There is no doubt that Nanos was charged with at least one count of Class C felony child exploitation in Johnson County, although Nanos recalls that he was charged with seventeen counts of that offense.

pornography conviction, with all sentences to be served concurrently. The trial court also granted Nanos 289 days of presentencing jail time credit, representing the period between October 17, 2006 and August 1, 2007, but not the period between October 11-16, 2006.

On April 11, 2012, Nanos filed a motion for jail time credit, alleging he was entitled to an extra six days of credit for the time when he was held at the Johnson County Jail. On April 16, 2012, the trial court denied Nanos's motion for the stated reason that "a defendant only receives credit for the days he spends incarcerated under a specific cause number." Id. at 15. Nanos now appeals.

## Analysis

Under Indiana Code Section 35-50-6-3, a defendant earns credit time for each day he or she is confined while awaiting trial or sentencing. A defendant who believes he or she has erroneously been denied pre-sentencing credit time may seek review of the alleged error at any time. Weaver v. State, 725 N.E.2d 945, 947-48 (Ind. Ct. App. 2000).[2] Trial courts generally lack discretion to deny pre-sentencing jail time credit because it is a matter of statutory right. James v. State, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). To the extent a sentencing decision is not mandated by statute, we will reverse a trial court's decision only for an abuse of discretion. Id. An abuse of discretion will be found if the trial court's decision is against the logic and effect of the facts and circumstances before it. Felder v. State, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). Additionally, a ruling

---

[2] The State makes no argument that Nanos chose an improper vehicle to raise this issue, pursuant to Robinson v. State, 805 N.E.2d 783 (Ind. 2004).

4

based on an error of law or not supported by the evidence constitutes an abuse of discretion. Pruitt v. State, 834 N.E.2d 90, 104 (Ind. 2005), cert. denied.

The trial court expressly stated that Nanos was not entitled in Marion County to any pre-sentencing jail time credit for the time he spent in the Johnson County Jail because "a defendant only receives credit for the days he spends incarcerated under a specific cause number." Id. at 15. This is an incorrect statement of the law. Generally, to be entitled to pre-sentencing jail time credit, there must be (1) pre-sentencing confinement that (2) was the result of the criminal charge for which sentence is being imposed. Payne v. State, 838 N.E.2d 503, 510 (Ind. Ct. App. 2005), trans. denied. And, it is true that a defendant "is not entitled to credit for time served 'on wholly unrelated offenses.'" James, 872 N.E.2d at 672 (quoting Dolan v. State, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981)). However, the mere fact that pre-sentencing time has been served under different cause numbers does not necessarily mean that the different charges are "wholly unrelated." Rather, we have held that when a defendant is held on charges that are dismissed, and new charges subsequently are filed based upon the same set of underlying facts behind the original charges, the defendant is entitled to pre-sentence jail time credit for the time he or she was confined on the original charges. Id.

Here, Nanos originally was charged and jailed in Johnson County for at least one count of Class C felony child exploitation based upon the images found on his camera in Johnson County. Five days later, based on the investigation that began with the discovery of the images in Johnson County, the Marion County Prosecutor's Office

5

charged Nanos with a total of 101 criminal charges, and he was transferred to the Marion County Jail after spending six days in the Johnson County jail. The Johnson County Prosecutor's Office declined to pursue further prosecution of Nanos "due to most of the offenses occurring in Marion County and they were advised that Marion County would be filing charges against Mr. Nanos." App. p. 12.

We conclude that the child exploitation and child pornography charges against Nanos in Marion County were not at all "wholly unrelated" to the original child exploitation charge or charges against him in Johnson County. There likely never would have been a child pornography investigation into Nanos, which eventually was conducted by both Johnson and Marion County authorities, if the original images had not been found in Johnson County. Nanos evidently was transporting some of the pornographic and/or exploitative images across the county line between his home and workplace. With respect to at least some of the child exploitation and child pornography charges, the rule we announced in James applies: the charges in both Johnson and Marion County were based on the same conduct and same or overlapping underlying facts. Additionally, prosecution was not pursued in Johnson County because it essentially permitted Marion County to "take over" the case.

It is true that the methamphetamine charge against Nanos has no direct relation to the child exploitation and child pornography charges. The incidental discovery of methamphetamine precursors occurred in Marion County while investigating the other offenses. In other words, the Marion County methamphetamine charge is "wholly

6

unrelated" to the original child exploitation charges in Johnson County. Still, it is well-settled that "[i]f a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, he or she is entitled to receive credit time applied against each separate term." Payne, 838 N.E.2d at 510.[3] That is, a defendant in jail on multiple charges accrues credit time towards each charge when entirely concurrent sentences are imposed. Brown v. State, 907 N.E.2d 591, 596 (Ind. Ct. App. 2009).

Nanos's sentences are all being served concurrently. The rule announced in James directly entitles Nanos to pre-sentencing jail time credit against his child exploitation and child pornography sentences for the time he spent in the Johnson County Jail on the original child exploitation charge or charges. Furthermore, the axiomatic rule reflected in Payne and Brown requires that the credit also be granted with respect to Nanos's concurrent sentence for manufacturing methamphetamine.

**Conclusion**

The trial court erred in denying Nanos's motion for jail time credit. We reverse and remand so that Nanos is granted an additional six days of credit against all of his sentences.

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.

---

[3] By contrast, when consecutive sentences are imposed, a defendant "is only allowed credit time against the total or aggregate of the terms." Payne, 838 N.E.2d at 510.