## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 31 2015, 8:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Charles Robinson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 31, 2015

Court of Appeals Case No.
36A04-1504-CR-141

Appeal from the Jackson Circuit Court

The Honorable William E. Vance, Judge

Trial Court Cause No.
36C01-1308-FC-45

**Mathias, Judge.**

[1] Charles Robinson ("Robinson") pleaded guilty in the Jackson Circuit Court to Class C felony operating a motor vehicle after lifetime suspension and Class A

misdemeanor resisting law enforcement. The trial court sentenced Robinson to four years for the Class C felony and one year for the Class A misdemeanor to be served on home detention concurrently. Robinson failed to meet the conditions of home detention, and after a hearing, his home detention was revoked. The trial court awarded 383 actual days and 383 days credit time for home detention and subsequent incarceration. On appeal, Robinson argues that the trial court incorrectly calculated his pre-sentencing time and credit and failed to include previously accrued credit from a prior sentencing order. The State agrees but arrives at a different figure for credit time due Robinson.

[2] We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] On August 13, 2013, at 6:53 p.m., police attempted to stop Robinson after he disregarded a stop sign. Robinson fled the scene and parked the car at a nearby apartment complex, then fled on foot. Officers were able to identify Robinson as the driver after speaking with a neighbor, who sold Robinson the vehicle. Officers later arrested Robinson at his home.

[4] Robinson was charged with two counts: Class C felony operating a motor vehicle after forfeiture of license for life and Class A misdemeanor resisting law enforcement. Robinson posted bond and was released on August 23, 2013.

[5] Hardly a month later, on September 28, 2013, Robinson was arrested once again for operating a motor vehicle after forfeiture for life and, this time, for

failure to stop after accident resulting in damage to an unattended vehicle. On November 20, 2013, the trial court granted the State's request to revoke Robinson's bond for his prior arrests, and Robinson remained incarcerated pending trial or change of plea. Robinson entered into an agreement with the State on January 10, 2014, to plead guilty to both the Class C felony and the Class A misdemeanor arising from his August 13 arrest, dismiss the new charges arising from the September 28 arrest, and to receive a four-year sentence to be served on home detention. At the February 7, 2014, sentencing hearing, the trial court sentenced Robinson in accordance with the plea agreement and awarded him 143 actual days plus 143 days credit for the time Robinson was incarcerated prior to pleading guilty.

[6] Robinson started home detention on February 11, 2014. However, Robinson failed to meet several conditions of home detention, so his case manager requested that home detention be revoked, and a warrant was issued for Robinson's arrest. The request for warrant cited Robinson's failure to pay home detention fees, failed drug tests, failure to abide by a weekly schedule, failure to participate in mental health programming, and failure to find full-time employment as violations. The trial court granted the request for a warrant and Robinson was arrested on September 24, 2014, and a revocation hearing was held on March 4, 2015.

[7] The trial court revoked Robinson's home detention on March 4, 2015, and ordered Robinson to serve the remainder of his sentence in an appropriate penal facility. The order awarded Robinson 383 days actual credit plus 383 days

earned credit days and ordered him to pay $3,440 for the costs and fees associated with home detention.

[8] During the March 4, 2015 sentencing hearing, some confusion existed as to the number of days of credit time to which Robinson was entitled. Robinson, the State, and the trial court each came to a different conclusion. The trial court's order stated that Robinson would receive 383 days credit "in addition to any time the Defendant has been awarded under previous orders" but did not include the 143 days plus credit time awarded in the original February 7, 2014, sentencing order.

[9] After the hearing, Robinson filed several requests for correction of his actual time and earned credit time, specifically emphasizing that the pre-sentencing 143-day incarceration was not included in the order. The trial court did not rule on Robinson's requests. Robinson now appeals.

## Discussion and Decision

[10] Robinson argues that the trial court did not give him credit for the total number of days he was incarcerated prior to his sentencing date. He claims that the sentencing order should have awarded him 530 actual days and 530 days credit time, instead of the 383 actual days and 383 days credit granted. The State concedes that the trial court did not correctly calculate the days for which Robinson received credit but argues that Robinson is entitled to 475 days of credit for time spent incarcerated or in home detention. Specifically, both parties agree that the trial court did not properly calculate Robinson's

previously accrued credit awarded in the February 7, 2014 sentencing order. The parties only disagree on whether Robinson's 53 days of incarceration from September 28, 2013 to November 20, 2013 should be included as previously accrued credit.

[11] Even though the trial court did not rule on Robinson's request to correct his sentence, a sentencing error may be raised for the first time on appeal. *Watkins v. State*, 588 N.E.2d 1342, 1344 (Ind. Ct. App. 1992). Indiana Code section 35-50-6-3(a) provides, "A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing. Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit. *Perry v. State*, 13 N.E.3d 909, 911 (Ind. Ct. App. 2014) (citing *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001)).

[12] The determination of a defendant's pre-trial credit depends on (1) pre-trial confinement and (2) the pre-trial confinement being a result of the criminal charge for which the sentence is being imposed. *Stephens v. State,* 735 N.E.2d 278, 284 (Ind. Ct. App. 2000). Defendants are not entitled to credit time for time served in wholly unrelated cases, even if the other case is dismissed. *James v. State*, 872 N.E.2d 669, 672 (Ind. Ct. App. 2007). A defendant only receives credit for time spent in custody due to the case in which he is being sentenced, not factually unrelated cases that may lead to concurrent incarceration. *Brown v. State*, 907 N.E.2d 591, 595 (Ind. Ct. App. 2009).

[13] When Robinson was arrested on September 28, 2013, he was out on bond for Class C felony operating a motor vehicle after forfeiture of license for life and Class A misdemeanor resisting law enforcement, the offenses to which he pleaded guilty in this case. The September 28, 2013, arrest involved an entirely separate incident unrelated to the charges at issue in this appeal.

[14] Robinson was incarcerated on the new charges for 53 days, from September 28, 2013 to November 20, 2013, the date his bond was revoked in this case. After Robinson made a plea agreement with the State, the second set of charges were dropped. Robinson is not entitled to credit time for these days even though the charges were dismissed because the case was wholly unrelated to the previous charges. *See James*, 872 N.E.2d at 672.

## Conclusion

[15] The trial court incorrectly calculated Robinson's actual and credit time in the March 4, 2015 sentencing order and failed to include the previously accrued credit from the February 7, 2014 sentencing order. On remand, the trial court should re-calculate Robinson's sentence by including the following periods of incarceration and home detention for previously accrued actual and credit time:

1. August 13, 2013 through August 23, 2013 (Robinson arrested then released on bond);
2. November 20, 2013 through February 7, 2014 (bond revoked, plea entered, and sentencing hearing);
3. February 11, 2014 through September 24, 2014 (home detention) and;
4. September 24, 2014 through March 4, 2015 (incarcerated and sentencing hearing on home detention revocation).

Robinson is not entitled to 53 days of credit for the time he served after being arrested on September 28, 2014, until his bond was revoked on November 20, 2013, because he was in custody for unrelated charges that were later dismissed. *See James*, 872 N.E.2d at 672.

Reversed and remanded for proceedings consistent with this opinion.

Baker, J., and Najam, J., concur.