# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2017, 10:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Domonique Henderson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 28, 2017 <br><br> Court of Appeals Case No. <br> 73A05-1609-CR-2130 <br><br> Appeal from the Shelby Superior Court <br><br> The Honorable Chris D. Monroe, Senior Judge <br><br> Trial Court Cause No. <br> 73D01-1412-FA-24 |

**Crone, Judge.**

## Case Summary

[1] Domonique Henderson drove the getaway car for a home invasion that resulted in injury to the homeowner. He pled guilty by plea agreement to class A felony burglary and class B felony robbery. In this appeal, he challenges the appropriateness of his sentence under Indiana Appellate Rule 7(B) and the trial court's failure to include pretrial jailtime credit. Finding that he has failed to demonstrate that his sentence is inappropriate in light of the nature of the offenses and his character, we affirm his sentence. We also remand for a proper determination of his pretrial jailtime credit.

## Facts and Procedural History

[2] On January 17, 2013, Henderson drove his vehicle from Marion County to Shelby County with Fernando Pedroza and other passengers, who Henderson knew to be armed with handguns. Henderson waited in his vehicle while his companions broke and entered the home of Nicholas and Dara Chesser. Nicholas and his nine-month-old baby were home at the time. Once inside, Henderson's companions beat Nicholas, robbed him, and left with various items, including firearms. When his companions returned to the vehicle, loaded the stolen property, and got inside, Henderson drove away. A week and a half later, police caught Henderson and his companions in the act of committing a home invasion in Marion County. The State charged Henderson with multiple felonies stemming from the Marion County home invasion ("Marion County Cause"). Henderson pled guilty in the Marion County Cause

and received concurrent sixteen-year sentences, with ten years executed and six years suspended.

[3] In the instant cause, the State charged Henderson with class A felony burglary, class B felony robbery resulting in personal injury, and class D felony theft. Two years later, Henderson pled guilty pursuant to a plea agreement to class A felony burglary and class B felony robbery, and the theft count was dismissed. Sentencing was left open, subject to an executed sentence cap of twenty years and a provision that Henderson's sentence would run concurrent to the sentence in the Marion County Cause.

[4] At the sentencing hearing, Dara Chesser testified concerning Nicholas's physical injuries, nightmares, and mental suffering. She also spoke at length concerning the emotional toll of the home invasion on the family. She explained that fears for family safety had forced them to move from their home, which she had inherited from her father and had been her childhood home. Henderson made an allocution statement in which he expressed remorse for the Chessers' suffering. The trial court sentenced him to thirty years for the class A felony, with twenty years executed (per the sentencing cap) and ten years suspended, with five years of the suspended sentence to be served on probation. The court sentenced him to a concurrent eight-year term for the class B felony.

[5] Henderson now appeals his sentence. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – Henderson has failed to demonstrate that his sentence is inappropriate.

[6] Henderson asks that we review and revise his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we may consider all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). We do "not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Foutch v. State*, 53 N.E.3d 577, 581 (Ind. Ct. App. 2016). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

[7] In considering the nature of Henderson's offenses, "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a person

convicted of a class A felony is twenty to fifty years, with a thirty-year advisory term. Ind. Code § 35-50-2-4 (2013). The sentencing range for a person convicted of a class B felony is six to twenty years, with a ten-year advisory term. Ind. Code § 35-50-2-5 (2013). For his class A felony burglary conviction, the trial court sentenced Henderson to the thirty-year advisory term, with twenty years executed and ten years suspended. For his class B felony robbery conviction, the trial court sentenced him to an eight-year concurrent term.

[8] By pleading guilty to class A felony burglary, Henderson admitted to breaking and entering another's property with intent to commit a felony (theft) and resulting in bodily injury to the victim. Ind. Code § 35-43-2-1(2)(A) (2013). Similarly, by pleading guilty to class B felony robbery, he admitted to knowingly or intentionally taking property from the victim by use or threat of force, resulting in bodily injury to the victim. Ind. Code § 35-42-5-1 (2013). Henderson admitted to knowing that his companions were armed and to participating in the home invasion as an accomplice. *See* Ind. Code § 35-41-2-4 (knowingly or intentionally aiding, inducing, or causing his companions to commit the offenses).

[9] The nature of Henderson's offenses reflects a violent home invasion where the victim not only suffered pecuniary loss but also was threatened at gunpoint and pistol-whipped. The victim's nine-month-old baby was present in the house during the attack. At sentencing, the victim's wife described her husband's physical wounds and facial scar, as well as his emotional scars and persistent nightmares. She also testified concerning her own fear for the family's safety

and security, which resulted in the family having to move from the dream home built by and inherited from her father.

[10] As for Henderson's character, we conduct our review by engaging in a broad consideration of his qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*, 11 N.E.3d 571. At age twenty-two, his criminal history, though not lengthy, reflects a pattern of unlawful entry on the property of others. He has one juvenile true finding for conduct amounting to class D felony attempted residential entry if committed by an adult. As an adult, he was charged with class A misdemeanor criminal trespass, for which he received diversion/dismissal. Less than two weeks after he committed the present offenses, he committed another home invasion in Marion County, for which his plea agreement in the present case provided for sentencing concurrent to his sentence in the Marion County Cause.

[11] On the positive side, Henderson has taken business courses and completed a therapeutic community program during his incarceration. He has also worked hard to be on good behavior, with only one write-up for tobacco use. As for his remorse, his allocution statement includes repeated apologies to the victim's wife. However, it also includes attempts to downplay his role as merely the driver. Moreover, Rule 7(B) requires that we give "due consideration" to the trial court's sentencing decision. The trial court found Henderson's statements of remorse to amount more to being "sorry you got caught." Tr. at 56. The court also noted his persistent lack of effort in helping authorities locate two of the co-perpetrators still at large and found incredible his statements that he

could not help because he knew them only by nickname and because he was incarcerated. *Id.* The court also found a lack of credibility in his assertion that he thought the group had gone to the victim's home only to purchase marijuana, not to burgle, rob, and injure him. *Id.* at 55-56. Our deference to the trial court, especially in matters that concern credibility, "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense … and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). No such evidence exists here.

[12] Notably, Henderson's sentence for his class B felony is two years below the advisory term and is to be served concurrently. The trial court sentenced Henderson to the advisory thirty-year term for his class A felony, with only twenty of the thirty years to be executed, per the cap on executed time included in the plea agreement. In stressing the importance of the additional ten-year suspended portion of Henderson's sentence (with five of those years to be served on probation), the court articulated its concern that he be deterred from resuming his pattern of criminal conduct after serving the executed portion of his sentence. Tr. at 56-68. Based on the foregoing, we conclude that Henderson has failed to meet his burden of demonstrating that his sentence is inappropriate in light of the nature of the offenses and his character. Accordingly, we affirm his sentence.

## Section 2 – The trial court failed to make a determination concerning Henderson's credit time.

[13] Henderson maintains that the trial court erred in failing to award him a pretrial jailtime credit of 578 days. "Because pre-trial jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit." *Roberts v. State*, 998 N.E.2d 743, 747 (Ind. Ct. App. 2013). The State concedes that pretrial jailtime credit is a matter of statutory right but argues that Henderson failed to preserve this issue due to his failure to develop a cogent argument as required by Indiana Appellate Rule 46(A)(8). *See McBride v. State*, 992 N.E.2d 912, 920 (Ind. Ct. App. 2013) (party's failure to develop cogent argument with citations to authority results in waiver), *trans. denied*. We agree that Henderson's lack of cogency makes it difficult to discern the specifics of his claim but, being mindful that pretrial jailtime credit is a matter of statutory right, we believe that the trial court should have addressed the matter during sentencing. *See Weaver v. State*, 725 N.E.2d 945, 948-49 (Ind. Ct. App. 2000) (any time defendant whose liberty has been restricted through incarceration/confinement presents a legitimate issue concerning credit time, court must address merits of such motion).

[14] At the guilty plea hearing, the trial court briefly referenced Henderson's credit time and stated that it would "attempt to determine how many days that will be." Tr. at 20-21. Notwithstanding, the trial court did not address the matter at all during sentencing, and the sentencing order indicates "no credit given" for his sentences on both the class A and the class B felonies. Appellant's App.

Vol. 3 at 11. The matter of Henderson's credit time is further confused by the fact that he was serving a concurrent sentence in the Marion County Cause during at least part of the 578 days to which he now claims that he is entitled. Thus, it is important to determine to what extent the concurrent sentence may affect his credit time. *See James v. State*, 872 N.E.2d 669, 672 (Ind. Ct. App. 2007) (defendant not entitled to credit for time served on "wholly unrelated offense"). Accordingly, we remand for a proper determination of Henderson's pretrial jailtime credit. Otherwise, we affirm.

[15] Affirmed and remanded.

Baker, J., and Barnes, J., concur.