## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 16 2020, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin L. Froedge
Goebel Law Office
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Douglas Loyd Ramsey, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff,* | September 16, 2020 <br><br> Court of Appeals Case No. 20A-CR-507 <br><br> Appeal from the Montgomery Superior Court <br><br> The Honorable Heather Barajas, Judge <br><br> Trial Court Cause No. 54D01-1810-F6-3114 |

**Robb, Judge.**

# Case Summary and Issue

[1] While on parole, Douglas Ramsey was arrested and later pleaded guilty to possession of methamphetamine, a Level 6 felony. The trial court entered judgment of conviction and sentenced Ramsey to the Indiana Department of Correction ("DOC") for a period of 910 days, gave him 266 days of jail credit time, and suspended the remaining 644 days to supervised probation. Ramsey filed a motion to correct error challenging the jail credit time calculation and the trial court denied the motion. Ramsey appeals and raises one issue which we revise and restate as whether the trial court abused its discretion in denying his motion to correct error. Concluding the trial court did not, we affirm.

# Facts and Procedural History

[2] Ramsey spent four years in the DOC serving a sentence for convictions of possession of a firearm and possession of precursors and on January 29, 2018, he was released to parole. On September 4, 2018, Ramsey was arrested and later charged with possession of methamphetamine, possession of a narcotic drug, and unlawful possession of a syringe, all Level 6 felonies; possession of marijuana, a Class B misdemeanor; and possession of paraphernalia, a Class C misdemeanor. Ramsey was also charged with additional crimes in two other

cause numbers.[1]  At the time Ramsey was booked into jail, he was notified that a parole hold had been issued.

[3]  In November 2019, Ramsey's parole officer issued a letter stating that Ramsey "was discharged from his Parole Obligation on 8-9-19.  Mr. Ramsey has no current Parole Obligations at this time."  Exhibits, Volume III at 3.  On November 12, Ramsey entered into an amended plea agreement pursuant to which he agreed to plead guilty to possession of methamphetamine, a Level 6 felony, and the remaining counts were dismissed.  As part of the agreement, the State also agreed to dismiss the charges in the other cause numbers.  *See supra* ¶ 2 n.1.

[4]  On December 20, the trial court held a hearing during which it accepted the plea agreement and sentenced Ramsey to the DOC for a period of 910 days, suspended except for time served.  Although Ramsey had been incarcerated since September 4, 2018, because he was not discharged from parole until August 9, 2019, the trial court awarded Ramsey jail time credit from August 9 to December 19, 2019 (266 days[2]) toward the instant offense.[3]  For the

---

[1] Ramsey was charged with possession of methamphetamine, possession of a narcotic drug, possession of a precursor, and unlawful possession of a syringe, all Level 6 felonies; and possession of paraphernalia, a Class C misdemeanor in Cause No. 54D01-1808-F6-2525, and battery, a Class B misdemeanor; and intimidation, a Class A misdemeanor in Cause No. 54D01-1902-CM-374.  *See* Appellant's Appendix, Volume 2 at 11.

[2] Ramsey was given 133 days of actual time and 133 days of good credit time for a total of 266 days of credit time.

[3] In making this determination, the trial court explained, "You have credit in this case for 266 days, or 133 days since August 9th. . . . You have your parole hold.  You had to serve that time.  You weren't discharged from parole until August 9th of 2019[.]" Transcript, Volume II at 28.

remaining 644 days, the trial court sentenced Ramsey to supervised probation. The trial court issued its written sentencing order the same day.

[5] Ramsey subsequently filed a motion to correct error arguing that the trial court erred in its application of jail time credit.[4] On January 31, 2020, the trial court denied the motion without a hearing. Ramsey now appeals.

# Discussion and Decision

## I. Standard of Review[5]

[6] Ramsey appeals the trial court's denial of his motion to correct error. The trial court has discretion to grant or deny a motion to correct error, and we reverse the court's decision only for an abuse of discretion. *Alvarez v. State*, 147 N.E.3d 374, 377 (Ind. Ct. App. 2020), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Id.*

---

[4] A copy of Ramsey's motion was not included in the record. Pursuant to Indiana Evidence Rule 201, however, we have taken judicial notice of the record of the court below as necessary to inform our decision.

[5] Both parties failed to include the applicable standard of review in their respective briefs. Indiana Appellate Rule 46(A)(8)(b) states, "The argument must include for each issue *a concise statement of the applicable standard of review*; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues." (Emphasis added.) And the appellee's brief must conform to this section, subject to several exceptions not relevant here. *See* Ind. App. Rule 46(B). We take this opportunity to remind counsel that compliance with our appellate rules is not optional and that they must include the applicable standard of review for each issue in future briefs filed with this court.

# II. Denial of Motion to Correct Error

Ramsey claims that the trial court improperly declined to apply credit for the full time he was incarcerated. We disagree.

"Generally, because pre-sentence jail time credit is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit." *James v. State,* 872 N.E.2d 669, 671 (Ind. Ct. App. 2007) (internal quotation omitted). "However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion." *Id.* A person imprisoned for a crime or confined awaiting trial or sentencing for a Level 6 felony or misdemeanor earns one day of credit time for each day he is confined. Ind. Code §§ 35-50-6-3.1(b), 4(a). The determination of a defendant's pre-trial credit depends on (1) pretrial confinement, and (2) pretrial confinement being a result of the criminal charge for which sentence is being imposed. *James*, 872 N.E.2d at 672.

Indiana Code section 35-50-1-2 provides, in pertinent part:

> If, after being arrested for (1) crime, a person commits another crime:
>
>> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime;
>
> * * *

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind. Code § 35-50-1-2(e) (2019). "And where consecutive sentences are required, credit time cannot be earned against each of the underlying sentences." *Brown v. State*, 907 N.E.2d 591, 595 (Ind. Ct. App. 2009); *see also Bischoff v. State*, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), *trans. denied*. Doing so "would result in more credit to which he was entitled and would effectively enable him to serve part of the consecutive sentences concurrently." *State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014).

[10] Applying the statute here, Ramsey was required to serve his sentences consecutively because he committed the instant offenses while on parole. Therefore, credit for all time served could not be applied to his possession of a firearm and precursors sentence *and* the instant sentence. It is undisputed that Ramsey was on a parole hold for his possession of a firearm/precursors charge until August 9, 2019, and the time Ramsey spent incarcerated from September 4, 2018 through August 8, 2019 could not be credited toward the sentence he received in the instant case. Only after he completed his sentence for the firearm and precursor convictions via being discharged from his parole obligation could he begin earning credit time toward the offense at issue. We

conclude the trial court properly calculated credit time and therefore, did not abuse its discretion in denying Ramsey's motion to correct error.[6]

# Conclusion

We conclude the trial court properly applied Ramsey's credit time and therefore, did not abuse its discretion by denying Ramsey's motion to correct error. Accordingly, we affirm.

Affirmed.

May, J., and Vaidik, J., concur.

---

[6] Ramsey also argues that his parole was revoked without a hearing, denying him due process of law and somehow entitling him to the full jail time credit toward the instant sentence. We decline to address this because any issues surrounding his parole would need to be raised in the case for which he was on parole rather than the instant case.