# FOR PUBLICATION



**FILED**

Jan 23 2015, 9:56 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| JEROME PERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 39A05-1407-CR-346 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

---

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison T. Frazier, Judge
Cause No. 39D01-1309-FD-900

---

**January 23, 2015**


**OPINION - FOR PUBLICATION**


**CRONE, Judge**

## Case Summary

Jerome Perry appeals the three years of home detention imposed by the trial court following his conviction for class D felony receiving stolen goods. Perry asserts that the trial court's sentence does not accord with Indiana law and that his sentence should have been six months. Finding that the trial court properly applied the law in sentencing Perry, we affirm.

## Facts and Procedural History

Perry was charged with class D felony receiving stolen property and class A misdemeanor conversion. In June 2014, he pled guilty to the felony charge, and the misdemeanor charge was dismissed. The trial court sentenced him to three years at the Indiana Department of Correction with credit for time served and the remainder of the sentence to be served on home detention as a direct placement in community corrections. Perry now appeals.

## Discussion and Decision

Perry argues that the trial court did not follow statutory law in sentencing him to three years' home detention and that the maximum sentence for home detention should have been six months. Perry's argument is based on the premise that he was sentenced to home detention as a condition of probation. *See* Ind. Code § 35-38-2.5-5 (stating that a court may order home detention as condition of probation but that time actually spent in home detention must not exceed minimum term of imprisonment for felony committed); Ind. Code § 35-50-2-7 (stating that minimum sentence for class D felony is six months). He was not. Instead, the trial court ordered home detention as a direct placement in community corrections

pursuant to Indiana Code Section 35-38-2.6-3.

Perry asserts that there is no legal distinction between the use of home detention as a condition of probation and the use of home detention as a direct placement in community corrections. In support of his argument, Perry cites *Stith v. State*, 766 N.E.2d 1266 (Ind. Ct. App. 2002), in which another panel of this Court pointed out that the General Assembly "removed the statutory distinction between probation-based home detention and community corrections-based home detention[.]" *Id*. at 1268. But that distinction related to credit time and not to the maximum length of home detention. Therefore, *Stith* is inapplicable.

Perry also notes that Indiana Code Section 35-38-2.6-4.5 provides, "If a court places a person on home detention as part of a community corrections program, the placement must comply with all *applicable* provisions in IC 35-38-2.5." (Emphasis added.) Indiana Code Section 35-38-2.5-5 is entitled "Home detention as condition of probation" and therefore on its face is inapplicable to home detention as a direct placement in community corrections. This conclusion is further supported by the fact that Indiana Code Section 35-38-2.5-5 contains credit-time provisions that relate specifically to home detention as a condition of probation and that Indiana Code Section 35-38-2.6-6 contains credit-time provisions that relate specifically to home detention as a direct placement in community corrections. Thus, Perry's home detention was not subject to the limit set forth in Indiana Code Section 35-38-2.5-5.

Based on the foregoing, we conclude that the trial court correctly applied the law in sentencing Perry to three years' home detention.[1]  Accordingly, we affirm.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[1] Perry does not claim that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).