## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 13 2017, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David Wemhoff
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ricky Snelling, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 13, 2017 <br><br> Court of Appeals Case No. 25A05-1607-CR-1707 <br><br> Appeal from the Fulton Circuit Court <br><br> The Honorable A. Christopher Lee, Judge <br><br> Trial Court Cause No. 25C01-1109-FC-611 |

**Barnes, Judge.**

## Case Summary

Ricky Snelling appeals the trial court's calculation of credit time in his probation revocation case. We affirm.

## Issue

Snelling raises one issue, which we restate as whether the trial court properly calculated his credit time.

## Facts

In September 2011, the State charged Snelling with Class C felony criminal recklessness, Class D felony criminal recklessness, and Class D felony battery. Snelling pled guilty to Class D felony criminal recklessness and Class D felony battery. On September 16, 2013, the trial court sentenced Snelling to "3 years suspended and to be served on probation for a period of 2 years" for the criminal recklessness conviction and "3 years to the Indiana Department of Corrections with 2 years suspended leaving 1 year executed which shall be served on the electronic monitoring home detention program" with two years of probation for the battery conviction. Appellant's App. Vol. II pp. 211-12. The trial court ordered that the sentences be served concurrently but consecutive to Snelling's sentence in another action.

In March and May 2015, the State filed petitions to revoke Snelling's probation. The State alleged that he tested positive for marijuana, that marijuana and a handgun were located in his home during a home visit, that he was discharged unsuccessfully from substance abuse treatment, and that he had been charged

with multiple crimes in Fulton and Kosciusko Counties. Snelling admitted that he had tested positive for marijuana, that marijuana and a handgun were found in his home, that he had been charged with Class B misdemeanor possession of marijuana, and that he had also been charged with possession of a controlled substance, possession of marijuana, possession of paraphernalia, and operating a vehicle while intoxicated. The trial court found that Snelling had violated his probation. The trial court imposed the two years of Snelling's previously suspended sentence with 275 days of credit for accrued time and 275 days of good time credit. Snelling now appeals.

## Analysis

[5] Snelling argues that the trial court erred when it calculated his credit time. "Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit." *Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015). The burden is on the appellant to show the trial court erred. *Id.* at 332.

[6] According to Snelling, the trial court should have given him credit for his time served on home detention. In support of his argument, Snelling cites to Indiana Code Section 35-38-2.5-5, which provides, in part:

> (e)  A person confined on home detention as a condition of probation receives one (1) day of accrued time for each day the person is confined on home detention.

> (f)     In addition to accrued time under subsection (e), a person confined on home detention as a condition of probation is entitled to earn good time credit under IC 35-50-6-3 or IC 35-50-6-3.1.

However, the State properly points out that Indiana Code Section 35-38-2.5-5 applies to home detention as a condition of probation and that Snelling was not on home detention as a condition of probation.[1]

[7]     The trial court here ordered Snelling to serve three years, ordered one year of the executed sentence to be served in home detention, suspended two years, and ordered two years of probation. Snelling, consequently, served his executed sentence on home detention. Snelling began serving two years of probation after serving his executed sentence on home detention. He had already received credit for his home detention prior to the start of his two-year probationary period. When the trial court revoked his probation, it ordered Snelling to serve the two years of his previously-suspended sentence, not his entire three-year sentence. The trial court then gave Snelling credit for 275 days

---

[1] In his reply brief, Snelling argues that the State's argument conflicts with Indiana Code Section 35-38-2.6-4.5, which provides: "If a court places a person on home detention as part of a community corrections program, the placement must comply with all applicable provisions in IC 35-38-2.5." We rejected a similar argument in *Perry v. State*, 25 N.E.3d 771, 772 (Ind. Ct. App. 2015), *trans. denied*, where we held:

> Indiana Code Section 35-38-2.5-5 is entitled "Home detention as condition of probation" and therefore on its face is inapplicable to home detention as a direct placement in community corrections. This conclusion is further supported by the fact that Indiana Code Section 35-38-2.5-5 contains credit-time provisions that relate specifically to home detention as a condition of probation and that Indiana Code Section 35-38-2.6-6 contains credit-time provisions that relate specifically to home detention as a direct placement in community corrections.

of accrued time and 275 days of good time credit for other time that he was incarcerated after the probation revocation was filed. Snelling is essentially asking for double credit time on the home detention, which we cannot provide.

## Conclusion

[8] The trial court's order regarding credit time was proper. We affirm.

[9] Affirmed.

Kirsch, J., and Robb, J., concur.