

FILED
Mar 04 2015, 8:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Harding,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 4, 2015

Court of Appeals Case No.
34A05-1410-CR-491

Appeal from the Howard Superior
Court.
The Honorable William C. Menges,
Jr., Judge.
Cause No. 34D01-1204-FA-345

**Darden, Senior Judge**

# Statement of the Case

[1] Christopher Harding appeals the trial court's calculation of credit for the time he served prior to the revocation of his probation as well as the sentence imposed following the revocation. We reverse and remand with instructions.

# Issue

Whether the trial court erred in calculating Harding's credit time for the time he served prior to the revocation of his probation and sentencing him following the revocation.

# Facts and Procedural History

[2] In April 2012, Harding was charged with drug related offenses and was incarcerated for 181 days from April 19, 2012 through October 16, 2012. He pleaded guilty to Class B and D felonies, and on October 17, 2012, the trial court sentenced him to 5110 days in the Department of Correction with 3285 days executed, including 2555 days in the DOC, followed by 730 days on in-home detention; as well as 1825 days suspended to probation. Harding was incarcerated at the DOC from October 17, 2012 until February 12, 2014, which is a total of 483 days.

[3] On February 12, 2014, the trial court modified Harding's original sentence. Specifically, the trial court suspended the incarcerated portion of Harding's remaining sentence at the DOC and placed him on supervised probation with the condition that he successfully complete the Howard County Community Corrections Re-Entry Program. On April 4, 2014, Harding violated the terms

and conditions of the Re-Entry Program, and the trial court issued a warrant for his arrest, directing that he be held without bond.

[4] Harding was arrested on May 30, 2014, and admitted the Re-Entry Program violation at a July 2, 2014 hearing. That same day, the State filed a motion to revoke Harding's probation based on his termination from the Re-Entry Program. Harding admitted the violation of probation at an October 9, 2014 hearing. Harding was incarcerated 132 days from May 30, 2014, until October 9, 2014.

[5] The trial court revoked Harding's probation and suspended sentence and ordered him to serve the remaining balance of his sentence at the DOC which the court calculated was 3897 days with 264 credit days, for a total remaining sentence of 3633 days. Harding appeals the award of credit time and sentence.

## Discussion and Decision

[6] Harding argues that the trial court erred in calculating the credit time for the time he served prior to the revocation of his probation. We agree. We review the trial court's factual determinations for an abuse of discretion, and legal conclusions de novo. *Strowmatt v. State*, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002).

[7] Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). A person who is not a credit restricted felon and who is imprisoned for a crime or awaiting trial or sentencing is initially assigned to

Class I. *Id.* (citing Ind. Code § 35-50-6-4). A person assigned to Class I earns one day of credit time for each day he is imprisoned for a crime or is confined awaiting trial or sentencing. *Id.* (citing Ind. Code § 35-50-6-3). On appeal, it is the appellant's burden to show that the trial court erred. *Gardner v. State*, 678 N.E.2d 398, 401 (Ind. Ct. App. 1997).

[8] We now turn to the calculation of Harding's credit time. At the outset, it is helpful to clarify that Harding and the State agree that Harding is entitled to credit time for: 1) his pretrial incarceration from April 19, 2012 to October 16, 2012, including credit time, which is 362 days; 2) his incarceration in the DOC from October 17, 2012 through February 12, 2014, including credit time, which is 966 days; and 3) his incarceration from May 30, 2014 through October 9, 2014, while he was incarcerated before the probation revocation hearing, which is 264 days, including credit time. This is 1592 days of credit time.

[9] Harding and the State disagree, however, as to whether Harding is entitled to credit time while he was on probation from February 13, 2014 until his April 4, 2014, violation and from April 4, 2014 until May 30, 2014, while he was apparently evading an arrest warrant.

[10] As to the period of probation, Indiana Code section 35-50-6-6 provides that a person does not earn credit time while on probation. *Senn v. State*, 766 N.E.2d 1190, 1202 (Ind. Ct. App. 2002). Exceptions to this rule include defendants who are in a work release program and must return to jail when not working or participating in other sanctioned activities and those confined to home

detention who must remain at their residences except for work, to obtain medical care, or to attend an educational program or place or worship. *Id.* at 1198.

[11] Here, however, the record reveals only that Harding was on probation and was required to complete a re-entry program as one of the terms and conditions of this probation. Harding has not alleged or shown that the re-entry program was so restrictive that it required him to return to jail when not working or be confined to his home. Harding has not met his burden to show the trial court erred. *See Gardner*, 678 N.E.2d at 401.

[12] As for the period from April 4, 2014 through May 30, 2014, when Harding was apparently evading arrest, we note that there is no credit time for evasion. If Harding was incarcerated during this time, it was his burden to prove it, and he has again failed to show that the trial court erred. *See id.* Harding is entitled to the previously calculated 1592 days of credit.

[13] The parties also disagree about the balance of executed days to which the 1592 days of credit should be applied. Our review of the evidence reveals that the trial court initially sentenced Harding to 5110 days in the Department of Correction with 3285 days to be executed, and 1825 days suspended to probation. However, after the trial court revoked Harding's probation at the October 9, 2014 hearing, the trial court also revoked Harding's previously suspended 1825-day probation sentence. The revocation of the suspended sentence, which was within the trial court's discretion pursuant to Indiana Code

section 35-38-2-3,[1] conforms to the original 5110-day sentence imposed by the court. When the 1592 days of credit time are applied to this original sentence, the State is correct that the balance of Harding's sentence to be served is 3518 days.

[14] We reverse and remand with instructions for the trial court to award Harding 1592 days of credit time and apply it to Harding's 5110-day original sentence, leaving a 3518-day sentence.

Kirsch, J., and May, J., concur.

---

[1] Indiana Code section 35-38-2-3 provides that if the trial court finds that a person has violated a probation condition, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing.