## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 19 2016, 8:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E. C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas Burchett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 19, 2016

Court of Appeals Case No.
34A04-1602-CR-333

Appeal from the Howard Superior Court

The Honorable William C. Menges, Judge

Trial Court Cause No.
34D01-1301-FC-13

**Bailey, Judge.**

# Case Summary

[1] Nicholas Burchett ("Burchett") appeals a probation revocation order of the Howard Superior Court reinstating his previously-suspended sentence for Dealing in a Look-Alike Substance, a Class C felony,[1] and calculating his pre-disposition credit time to be 328 days. Burchett presents the issue of whether the trial court erred in its calculation of credit time.[2] We reverse and remand.

## Facts and Procedural History

[2] On September 4, 2013, Burchett pled guilty to Dealing in a Look-Alike Substance, Battery, and Resisting Law Enforcement. He received an aggregate sentence of eight years, with three years suspended to probation.

[3] On July 23, 2014, the Indiana Department of Correction ("the DOC") filed in the trial court documents verifying that Burchett had completed a DOC therapeutic community program ("the DOC program"), had "received 183 days of credit for his achievement," and thus the DOC had assigned a "New earliest possible release date" of January 7, 2015. (App. at 57, 59.) On September 15, 2014, Burchett was approved for the Community Transition Program, "under

---

[1] Ind. Code § 35-48-4-4.6(a). The offense is now a Level 5 felony.

[2] He also makes a cursory allegation that the trial court violated a plea agreement by including the provision: "The sentence imposed in this cause shall run consecutively to any sentence imposed in Wabash County." (App. at 93.) Indiana Code Section 35-50-1-2(e) provides that, if, after being arrested for a crime, a person commits another crime before the date the person is to be discharged from probation, "the terms of imprisonment shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." The trial court's language did not increase the sanction upon Burchett. The observation appears to be superfluous, as Burchett had already served his sentence arising from conduct in Wabash County. Nonetheless, although Burchett admitted his violation of probation, he could not enter into a plea agreement avoiding the statutory requirement of consecutive sentences.

Electronic Monitoring, Day Reporting and/or Reentry Court Supervision."
(App. at 71.) The trial court ordered Burchett's sentence modified to provide
for release from the DOC on December 13, 2014. Without a specific reference
to a number of days, "the balance of the executed sentence" was suspended, to
be served on supervised probation. (App. at 71.) As a condition of probation,
Burchett was ordered to successfully complete the Howard County Re-Entry
Program.

[4] On December 10, 2014, the trial court entered an additional order:

> The Defendant having violated the terms and conditions of the
> Re-Entry Court Program, the Court now finds the Defendant is
> in indirect contempt of Court. The Court further now orders the
> Defendant, Nicholas Burchett, to be held without bond.

(App. at 72.) On February 4, 2015, the trial court noted that Burchett had
"fail[ed] to appear for the Re-Entry Court Program" and ordered a warrant
issued for Burchett. (App. at 8.) On September 10, 2015, the Howard County
Sheriff notified the trial court that Burchett had been arrested one day earlier on
the outstanding warrant.

[5] On November 18, 2015, Burchett appeared at a hearing on a Notice of
Termination from Re-Entry Court Program. He admitted that the allegations
contained in the notice were true. The trial court stated that Burchett was to be
"held without bond" and the "probation department is given 72 hours to file a
Petition to Revoke." (App. at 11.) On the same day, the State filed its Petition
to Revoke Suspended Sentence. Again, the trial court issued a warrant for

Burchett. On December 9, 2015, the Sheriff notified the court that Burchett "was arrested on December 7, 2015 on the outstanding warrant for the Petition to Revoke Suspended Sentence filed November 18, 2015." (App. at 10.)

[6] On January 20, 2016, Burchett appeared at a fact-finding hearing and admitted that he had violated a term of his probation when he had been terminated from the Re-Entry Program. Burchett testified that he had experienced a drug relapse and "took off." (Tr. at 21.) Thereafter, he was charged with, and served time for, a criminal offense in Wabash County.

[7] Also on January 20, 2016, the trial court entered an order on the petition to revoke, providing in relevant part:

> The Court accepts the Defendant's plea of True and finds the Defendant, Nicholas William Burchett, violated the terms of his probation as alleged[.] . . .
>
> The Court now imposes the balance of the Defendant's suspended sentence and orders the same executed in the Indiana Department of Correction which the court determines to be 1512 days, all executed.
>
> The sentence imposed in this cause shall run consecutively to any sentence imposed in Wabash County.
>
> The Defendant has jail time credit in the sum of 164 actual days or 328 credit days, day for day credit, served while awaiting disposition in this matter.

(App. at 86.) This appeal ensued.

# Discussion and Decision

[8] Burchett does not challenge the trial court's decision to revoke his probation and impose the entirety of his suspended sentence as a probation violation sanction. However, he challenges the trial court's calculation of credit time in two respects. He argues that he did not receive full credit for his time in jail awaiting disposition and that he was deprived of his credit for participation in the DOC program.

[9] We review a trial court's factual determinations for an abuse of discretion, and we review legal conclusions de novo. *Harding v. State*, 27 N.E.3d 330, 331 (Ind. Ct. App. 2015). On appeal, the appellant bears the burden of showing that the trial court erred. *Id.* at 332.

[10] Generally, because presentence jail time credit is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). At the initial imposition of Burchett's sentence, he was assigned to Class I for credit time purposes,[3] and Indiana Code Section 35-50-6-3.1(b) then provided: "A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Credit time is earned for time spent in confinement as a result of the charge for which the defendant is being

---

[3] I.C. § 35-50-6-4(a).

sentenced. *Bischoff v. State*, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), *trans. denied*.

[11] At the January 20, 2016 fact-finding hearing, Burchett testified that he had first been arrested on January 10, 2013 and had continuously accrued credit time while incarcerated at the Howard County Jail or in the DOC, or participating in a Community Transition program "all the way up until January 9, 2015" or "one day shy of two years." (Tr. at 23.) Burchett also testified that he had completed the DOC Program. According to Burchett, he had received a "one year credit time cut" for that program and was, as of January 9, 2016, "two days shy of having five years credit." (Tr. at 23.)

[12] Burchett also testified regarding a charge in Wabash County. Burchett admitted that he faced a new charge in Wabash County after he absconded from the Community Transition Program, and that he had been "sentenced to a time-served plea." (Tr. at 25.) Burchett testified that he entered into a plea agreement on September 3, 2015, was released from Wabash County's custody on that same date, and was transported to the Howard County Jail on September 9, 2015.

[13] At the conclusion of the testimony, the trial court made an oral statement with respect to credit time:

> The defendant was originally sentenced in this case on September 4th, 2013 to 2,920 days at the Department of Correction. At that

period of time he was given credit for 428 [sic][4] days which left a balance of 2,242 days [sic]. He then served within the Department of Correction from September 5th, 2013 through December 13th, 2014, which was 930 days, credit days, leaving a balance of his suspended sentence of 1,512 days. The court now finds that that should be executed. He's given credit for 164 days or 328 days day-for-day credit served while awaiting disposition in this matter [leaving 1,184 days] and we also need to show that he is entitled to whatever credit time he'd earned previously while within the Department of Correction which would reduce the 1,512 days to whatever the Department of Correction deems appropriate.

(Tr. at 27-28.)

[14] On appeal, Burchett observes that he was incarcerated in the DOC or participating in a Community Transition Program (and thus accruing credit time) from his sentencing on September 4, 2013 until his probation violation sanction was imposed on January 26, 2016. He then argues that all that time is applicable to the Dealing conviction and he had "no more than 694 days to serve (2,920 less 478, less (874 x 2))." Appellant's Br. at 6. The State argues that a portion of the time Burchett was incarcerated before the probation violation sanction was imposed was attributable to a new charge in Wabash County.

[15] According to the State, the proper calculation of credit time is as follows. The aggregate sentence of 2,920 days was reduced by 478 days credit for pretrial

---

[4] The actual number of days of pretrial credit was 478.

incarceration, leaving 2,442 days. Burchett was in the DOC from September 5, 2013 through December 13, 2014 (accruing 465 actual and 465 good time credit days for a total of 930 days). Subtracting 930 from 2,442 leaves 1,512 days. This time remained when Burchett was arrested in Wabash County. He was released from custody in Wabash County and began serving custodial, pre-disposition time in this case on September 4, 2015. He was awarded 164 actual days and 164 good time credit days (equal to 328 days) for this pre-disposition incarceration, leaving 1,184 days.

[16] Evidence presented at the fact-finding hearing indicates that, on some unspecified date after his release from the DOC in December of 2014, Burchett was incarcerated in Wabash County; he was sentenced to time served in Wabash County and began serving time in the Howard County case in September of 2015. If, after being arrested for a crime, a person commits another crime before the date the person is to be discharged from probation, "the terms of imprisonment shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." I.C. § 35-50-1-2(e). When consecutive sentences are required, credit time cannot be earned against each underlying sentence. *Brown v. State*, 907 N.E.2d 591, 595 (Ind. Ct. App. 2009). Such an interpretation would result in "double credit," essentially allowing the sentences to be served concurrently, not consecutively. *French v. State*, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001); *Diedrich v. State*, 744 N.E.2d 1004, 1006 (Ind. Ct. App. 2001) (citing *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct.

App. 2000), *trans. denied*). Here, the trial court did not err in declining to award Burchett credit for days serving a sentence in Wabash County.

[17] As to credit for the DOC program, it is clear from the trial court's oral statement that there was no factual dispute regarding the program completion, and the trial court intended that Burchett receive the appropriate time reduction. However, the probation violation sanction order was not in conformity with the modification order, as the calculation of days in the sanction order did not reflect a reduction of days for completion of the DOC program. And, unlike the modification order, the sanction order did not include the DOC in the distribution list. It is thus unclear how Burchett would actually receive his credit after the modification order was superseded. Accordingly, we reverse and remand for correction.

# Conclusion

[18] The trial court did not err in its calculation of credit time for Burchett's pre-disposition incarceration. However, the additional credit attributable to the DOC program was omitted from the trial court's sanction order. We thus reverse that order and remand for correction.

[19] Reversed and remanded.

Riley, J., and Barnes, J., concur.