## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2017, 7:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David C. Franks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 5, 2017<br><br>Court of Appeals Case No.<br>34A02-1607-CR-1671<br><br>Appeal from the Howard Superior Court<br><br>The Honorable George A. Hopkins, Judge<br><br>Trial Court Cause Nos.<br>34D04-1203-FB-54<br>34D04-1112-FB-235<br>34D04-1203-FB-39 |

**Bailey, Judge.**

# Case Summary

[1] David C. Franks ("Franks") appeals an order revoking his suspended sentences in three cause numbers. He presents the sole issue of whether he was erroneously denied credit time for his incarceration prior to the revocation. We remand for correction of the revocation order.

# Facts and Procedural History

[2] On July 6, 2012, Franks pled guilty to Burglary, as a Class C felony, under Cause No. 34D04-1112-FB-235 ("FB-235"), Receiving Stolen Property, as a Class D felony, under Cause No. 34D04-1202-FD-15 ("FD-15"), Receiving Stolen Property, as a Class D felony, under Cause No. 34D04-1203-FB-39 ("FB-39"), and Receiving Stolen Property, as a Class D felony, under Cause No. 4D04-1203-FB-54 ("FB-54").

[3] Pursuant to the terms of the plea agreement, the trial court sentenced Franks to consecutive sentences of: six years imprisonment with four years executed and 730 days suspended to probation under cause number FB-235; two years with one year to be served on home detention and one year suspended to probation under FD-15; two years, all suspended to probation under FB-39; and three years, all suspended to probation under FB-54.

[4] Awaiting trial, Franks had been incarcerated from October 3, 2011 to November 2, 2011, from January 10, 2012 to February 2, 2012, from March 27, 2012 to April 7, 2012, and from May 11, 2012 to July 6, 2012. He was awarded

credit time of 31 days under FD-15, 24 days under FB-235, 12 days under FB-39, and 57 days under FB-54.

[5] On May 16, 2016, the State filed a Petition to Revoke Suspended Sentence, related to FB-235, FD-39, and FB-54. At a fact-finding hearing on July 8, 2016, Franks admitted that he had violated conditions of his probation. The trial court revoked Franks' suspended sentences and probation and ordered Franks to serve "the balance" of each suspended sentence. (App. at 89.) The trial court found the remaining balances to be: 730 days under FB-235, 730 days under FB-39, and 1,095 days under FB-54. The trial court reasoned that, because Franks was arrested on May 7, 2016, any credit time he had earned would be applicable to the new charges, Cause No. 34D01-1605-F6-399. Franks appealed.

# Discussion and Decision

[6] Franks challenges the trial court's failure to award credit time for his pre-trial confinement in FB-39 and FB-54.

[7] We review a trial court's factual determination for an abuse of discretion, and we review legal conclusions de novo. *Harding v. State*, 27 N.E.3d 330, 331 (Ind. Ct. App. 2015). Credit time is a statutory right, and trial courts do not have discretion in awarding or denying that credit. *Id.* at 331-32. The appellant bears the burden of showing that the trial court erred. *Id.* at 332.

[8]     Franks and the State agree that Franks is entitled to the credit time awarded in the original sentencing order as to FB-39 (12 days) and FB-54 (57 days). This is because the sentences in those cause numbers were completely suspended to probation and thus, the Department of Correction could not have applied the credit time previously.[1]

[9]     We remand to the trial court with instructions to amend the revocation order to reflect that Franks is entitled to 12 days credit time in FB-39 and 57 days credit time in FB-54.

[10]    Remanded.

Vaidik, C.J., and Robb, J., concur.

---

[1] As for FB-235, because Franks had been incarcerated in the Department of Correction, he would have received his pre-trial credit time of 24 days. He does not challenge the disposition of credit time in FB-235.