# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2017, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elijah D. Cook,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 19, 2017<br><br>Court of Appeals Case No.<br>34A02-1707-CR-1618<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Judge<br><br>Trial Court Cause No.<br>34D01-1604-F6-364 |

**Baker, Judge.**

[1] Elijah Cook appeals the sentencing order following his fourth probation violation. He argues that the trial court erroneously calculated the balance of his previously suspended sentence. The State concedes that an error was made. Finding that the trial court erred in its calculation, we reverse and remand with instructions.

## Facts

[2] On June 29, 2016, Cook pleaded guilty to Level 6 felony possession of methamphetamine. On that same date, the trial court sentenced Cook to 913 days, with 124 days executed and 789 days suspended to supervised probation. Appellant's App. Vol. II p. 31.

[3] On August 24, 2016, the State filed a petition to revoke Cook's probation because he failed to appear for a required alcohol and drug assessment. Cook was arrested on September 3, 2016, and on October 13, 2016, he admitted to the violation; the trial court revoked 100 days of the previously suspended sentence and gave him credit for 50 actual days or 100 credit days. Accordingly, Cook was returned to probation.

[4] On October 31, 2016, the State filed a second petition to revoke Cook's probation because he failed to report to his probation officer. Cook was arrested on November 8, 2016, and on December 27, 2016, he admitted to the violation; the trial court returned Cook to probation.

[5] On January 23, 2017, the State filed a third petition to revoke Cook's probation because he again failed to report to his probation officer. Cook was arrested on

March 8, 2017, and on April 4, 2017, he admitted to the violation and was sentenced to five days of his previously suspended sentence. The trial court also found that Cook "has no jail time credit served while awaiting disposition in this matter." *Id.* at 47.[1]

[6] On May 4, 2017, the State filed a fourth petition to revoke Cook's probation because he again failed to report to his probation officer. Cook was arrested on May 13, 2017, and on June 15, 2017, he admitted to the violation. On June 15, 2017, the trial court revoked the balance of the previously suspended sentence, which the trial court calculated to be 689 days. Cook now appeals.

## Discussion and Decision

[7] Cook's sole contention on appeal is that the trial court erroneously calculated the balance of his suspended sentence in the June 15, 2017, order. We will reverse a trial court's factual determination only if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). On appeal, it is the appellant's burden to demonstrate that the trial court erred in the calculation of credit time. *Harding v. State*, 27 N.E.3d 330, 332 (Ind. Ct. App. 2015).

[8] Cook first argues that the trial court erred by finding the balance of his sentence was 689 days, excluding credit days. Cook was initially sentenced to 913 days,

---

[1] It appears that the period of time Cook was incarcerated from March 8 – April 4, 2017, was applied to a sentence or sentences in one or two unrelated criminal cases.

with 124 days executed and 789 days suspended. It is undisputed that Cook satisfied the executed portion of the sentence, leaving a balance of 789 days suspended. The parties also agree that the trial court correctly determined that Cook had satisfied an additional 100 days following his first probation violation, leaving a balance of 689 days suspended. Next, Cook argues—and the State concedes—that the trial court erred by finding that the balance of Cook's suspended sentence was 689 days, because following his third probation violation, he served five days of his previously suspended sentence. Consequently, the balance of his suspended sentence was at most 684 days. Therefore, the trial court erred by finding that the balance of Cook's sentence was 689 days.

[9] Cook also asserts that the April 4, 2017, order, which awarded him no jail time credit, was erroneous and led to additional miscalculations in the June 15, 2017, order. Cook did not appeal the April 4, 2017, order, and may not now argue that it was erroneous.

[10] In any event, the record before us is insufficient to properly evaluate this argument. Cook contends that the trial court did not credit him for twenty-eight days he spent in jail between his arrest and the hearing for his third probation violation. However, he acknowledges that this calculation is complicated by intervening sentences in two other unrelated criminal cases. The record does not contain sentencing orders or Chronological Case Summaries from those other two cases. Cook requests that we take judicial notice of the records in the other cases, but we find this to be unnecessary. On

remand, the trial court can consider whether a calculation error related to these other cases was made.

[11] The judgment of the trial court is reversed and remanded with instructions to credit Cook with at least five days on the balance of the suspended sentence and to consider whether other credit is due based on the unrelated cases.

Riley, J., and Brown, J., concur.