## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 27 2018, 6:13 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marvin J. Perkins, *Appellant-Defendant,* | September 27, 2018 |
| | Court of Appeals Case No. 18A-CR-702 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Frances C. Gull, Judge |
| | Trial Court Cause No. 02D06-1201-FB-16 |

**Pyle, Judge.**

# Statement of the Case

Marvin Perkins ("Perkins") appeals the trial court's calculation of his accrued credit time after the trial court revoked his probation and ordered him to serve his previously suspended sentence.[1] Concluding that the trial court failed to award the accrued credit time for the days Perkins was incarcerated during his probation revocation proceedings, we remand this case to the trial court with instructions for the trial court to award Perkins the accrued credit time to which he is entitled.

We remand with instructions.

---

[1] There are two different "time credits" that a defendant may earn: (1) "credit for time served[,]" which is the "credit toward the sentence a prisoner receives for time actually served[;]" and (2) "good time credit[,]" which is the "additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999), *reh'g denied*. In July 2015, the legislature added a statutory provision setting forth the following definitions clarifying the types of credit time:

> (1) "Accrued credit time" means the amount of time that a person is imprisoned or confined.
>
> (2) "Credit time" means the sum of a person's accrued credit time, good time credit, and educational credit.
>
> (3) "Educational credit" means a reduction in a person's term of imprisonment or confinement awarded for participation in an educational, vocational, rehabilitative, or other program.
>
> (4) "Good time credit" means a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined.

IND. CODE § 35-50-6-0.5. The legislature has explained that this statute "is intended to be a clarification" of prior credit time terms and "does not affect any time accrued before July 1, 2015, by a person charged with or convicted of a crime." I.C. § 35-50-6-0.6. In this vein of clarification, we will use these terms throughout this opinion.

# Facts

In May 2013, Perkins pled guilty to three counts of Class D felony possession of cocaine in Cause Number FB-16 ("FB-16"). Pursuant to the terms of a plea agreement, the trial court sentenced Perkins to three years for each conviction with one year and 182 days of each conviction to be suspended. Also pursuant to the terms of the plea agreement, the trial court ordered the three sentences to run consecutively to each other, and the executed sentence to be followed by a three-year term of probation.

Two years later, in June 2015, after Perkins had completed the executed portion of his sentence, the State filed two petitions to revoke his probation in FB-16. Perkins was apparently incarcerated during the pendency of the revocation proceedings. The petitions were later dismissed, and on August 31, 2015, the probation department prepared a court information sheet, which provided that Perkins had earned eighty-two (82) days of accrued credit time from June 11, 2015 to August 31, 2015.

The State filed another petition to revoke Perkins' probation in December 2015. Perkins was again apparently incarcerated during the pendency of the proceedings. Perkins admitted the violation and was returned to probation. On January 15, 2016, the probation department prepared a court information sheet, which provided that Perkins had earned twenty-three (23) days of accrued credit time from December 27, 2015 to January 15, 2016.

[6]     The State filed a third petition to revoke Perkins' probation in July 2016 and two amended petitions in September 2016. The petitions alleged that Perkins had committed the offenses of Class A misdemeanor unauthorized entry of a motor vehicle ("CM-2633") and Level 6 felony possession of cocaine ("F6-1038"). In October 2017, Perkins pled guilty in CM-2633 and F6-1038 and admitted the violations alleged in the petitions to revoke his probation in FB-16. The trial court took the guilty pleas and admission under advisement and placed Perkins in a drug court diversion program for all three causes. The probation department again prepared an information sheet, which provided that Perkins had earned a total of 108 days of accrued credit time for FB-16 from June 11, 2015 to September 1, 2015 (83 days); December 27, 2015 to January 19, 2016 (24 days); and September 7, 2016 (one day).[2]

[7]     In January 2018, the State filed petitions to terminate Perkins' participation in the drug court program and to revoke his probation in FB-16. After Perkins withdrew from the drug court program, the trial court ordered a presentence investigation report for causes CM-2633 and F6-1038. The presentence investigation report provided that Perkins had earned a total of eighty-one (81) days of accrued credit time for FB-16 during the following time spent in custody: (1) forty-one (41) days from September 7, 2017 to October 17, 2017;

---

[2] This information sheet added one additional day to each of the information sheets completed on August 31, 2015 and on January 15, 2016.

(2) two (2) days from January 8-9, 2018; and (3) thirty-eight (38) days from January 16, 2018 to February 22, 2018.

[8] In February 2018, the trial court sentenced Perkins to two (2) years in F6-1038 and one (1) year in CM-2633. The trial court also revoked Perkins' probation in FB-16 and ordered Perkins to serve his suspended sentence. In addition, the trial court awarded Perkins the eighty-one (81) days of accrued credit time for FB-16 as set forth in the presentence investigation report. Perkins appeals the award of accrued credit time.

## Decision

[9] Perkins argues, and the State concedes, that the trial court failed to award him all of the accrued credit time in FB-16 for the days he was incarcerated during his multiple probation revocation proceedings. Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit. *Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015). A person who is not a credit restricted felon and who is imprisoned for a crime or awaiting trial or sentencing is initially assigned to Class I. *James v. State,* 872 N.E.2d 669, 671 (Ind. Ct. App. 2007) (citing IND. CODE § 35-50-6-4).[3] A person assigned to Class I earns one day of credit time for each day he is imprisoned for a crime or is confined awaiting trial or sentencing. *Id.* (citing IND. CODE §

---

[3] We note that this statute was amended in 2014 and again in 2016. However, we will apply the version of the statute in effect at the time of the offense.

35-50-6-3).[4]  It is the appellant's burden to show that the trial court has erred. *Harding*, 27 N.E.3d at 332.

[10]  Here, the trial court properly awarded Perkins 81 days of accrued credit time applicable to FB-16, which covered various periods of incarceration beginning in September 2017 and extending through the February 2018 sentencing date. However, the trial court failed to award Perkins the accrued credit time for the days he was incarcerated during his probation revocation proceedings in FB-16 in:  (1) June 2015 through August or September 2015; (2) December 2015 through January 2016; and (3) September 2016.  We therefore remand this case to the trial court with instructions for the trial court to determine and apply the total accrued credit time to which Perkins is entitled.

[11]  Remanded with instructions.

Najam, J., and Crone, J., concur.

---

[4] This statute was also amended in 2014 and again in 2016.  We apply the version of the statute in effect at the time of the offense.