## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2018, 10:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph A. Demma, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | December 10, 2018 Court of Appeals Case No. 18A-CR-1804 Appeal from the Vigo Superior Court The Honorable John T. Roach, Judge Trial Court Cause No. 84D01-1304-FC-1279 |

**Kirsch, Judge.**

[1] Joseph A. Demma ("Demma") appeals the trial court's order revoking his direct placement in home detention. He raises the following issue for our

review:  whether his case should be remanded to the trial court because the trial court failed to give Demma credit time for time he served while incarcerated when his case was pending.

[2]     We remand.

## Facts and Procedural History

[3]     On October 18, 2013, Demma pleaded guilty to two counts of forgery, both as Class C felonies.  Pursuant to the plea agreement, Demma's sentence was capped at six years.  *Appellant's App. Vol. 2* at 41.  On January 27, 2014, the trial court sentenced Demma to six years for each count with the sentences to run concurrently.  *Id*. at 78.  The trial court further ordered that four years of his sentence be served as a direct commitment to home detention and the remaining two years be suspended to probation.  *Id*. at 78-82.  Demma filed a motion to modify his sentence, and on July 20, 2016, the trial court granted the motion and suspended the balance of Demma's executed time to probation.  *Id*. at 87.  The trial court noted that Demma's term of probation at that time was two years, six months, and twenty-three days.  *Id*. at 88.

[4]     On March 12, 2018, Demma was arrested after the State filed a petition alleging that he violated the terms of his probation.  *Id*. at 10.  Demma remained incarcerated from March 12, 2018 through April 18, 2018.  Each time he appeared in court, on March 12, March 13, April 10, and April 18, 2018, Demma appeared "in custody of the Vigo County Jail."  *Id*. at 106-07, 111, 113. On April 18, 2018, Demma admitted that he violated the terms of his

probation, and the parties agreed that the balance of Demma's probation, which was two years, six months, and twenty-two days, would be revoked and that Demma would serve that time as a direct commitment to home detention. *Id*. at 113. Neither the revocation order nor the abstract of judgment reflected that Demma was entitled to credit for the time he spent in jail. *Id*. at 113-16.

[5] Thereafter, Demma violated the terms of his home detention by testing positive for methamphetamine and admitted the violation at a hearing held on July 3, 2018. *Id*. at 117-18; *Tr. Vol. 2* at 7. At the hearing, the trial court inquired as to the amount of credit time to which Demma was entitled, and Demma stated that he had sixty-three days of incarceration between February 24, 2018 and April 27, 2018. *Tr. Vol. 2* at 8. The trial court stated that it was only interested in credit accrued since April 18, 2018. *Id*. The trial court ordered that Demma serve the balance of his probation period in the Indiana Department of Correction and awarded him eighty-four days of credit for sixteen days served on home detention from May 22, 2018 through June 6, 2018, and for twenty-six days served in jail from June 6, 2018 through July 2, 2018. *Id*. at 8-9; *Appellant's App. Vol. 2* at 123. Demma informed the court that he believed he was entitled to credit time for the time he had spent in the jail in March, April, and May 2018. *Tr. Vol. 2* at 26. The trial court disagreed. *Id*. Demma now appeals.

## Discussion and Decision

[6] Demma argues, and the State concedes, that he was entitled to credit time for time spent incarcerated between March 12, 2018 and April 18, 2018 and that he

was not given this credit time when the trial court revoked his direct placement to home detention. We agree with the parties.

[7] Our Supreme Court has noted that "there are two types of credit that must be calculated: '(1) the credit toward the sentence a prisoner receives for time actually served; and (2) the additional credit a prisoner receives for good behavior and educational attainment.'" *Maciaszek v. State*, 75 N.E.3d 1089, 1092 (Ind. Ct. App. 2017) (quoting *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999)), *trans. denied*. "Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit." *Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015).

[8] Here, in our review of the record, it appears that Demma was incarcerated in the Vigo County Jail awaiting the disposition of a probation violation from March 12, 2018 through April 18, 2018. Although the exact dates are not clear from the record, an arrest warrant was served on Demma on March 12, 2018. *Appellant's App. Vol. 2* at 10. Thereafter, it appears that he remained in the Vigo County Jail until at least April 18, 2018 because each time he appeared in court, it was noted that he appeared "in custody of the Vigo County Jail." *Id*. at 106-07, 111, 113. On April 18, 2018, when Demma admitted his probation violation, the trial court ordered him to serve the balance of his probation, which was two-years, six months, and twenty-two days. *Id*. at 113. However, Demma was not given credit for any time served incarcerated prior to April 18, 2018. Likewise, when Demma's direct placement to home detention was revoked on July 3, 2018, he was given credit for eighty-four days for time served

on home detention from May 22, 2018 through June 6, 2018 and for time served in jail from June 6, 2018 through July 2, 2018, but the trial court did not address credit time for Demma's prior incarceration. Because the record is not clear regarding the amount of credit time Demma is entitled to, we remand to the trial court to make such a determination and award Demma the proper amount of credit time.

[9] Remanded.

Riley, J., and Robb, J., concur.