## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2019, 8:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E. C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Armando Shields,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 29, 2019

Court of Appeals Case No.
18A-CR-2544

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Trial Court Cause No. 34C01-1706-F1-118

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Armando Shields (Shields), appeals his sentence following his guilty plea to aggravated battery, a Level 3 felony, Ind. Code § 35-42-2-1.5 (2).

We affirm in part, and remand with instructions.

# ISSUES

Shields presents two issues on appeal, which we restate as the following:

(1) Whether the trial court erred in calculating his credit time; and

(2) Whether Shields' sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On May 27, 2017, Shields, Austin Mealer (Mealer), and Braden Winters (Winters) were smoking marijuana outside a storage facility in Kokomo, Indiana. At some point, Shields shot Mealer in the forehead above his left eye. Mealer "played dead" and then heard Winters say something to the effect of "should I put another one in him [?]" (Appellant's App. Vol. II, p. 13). Following that question, Winters shot Mealer in the back of the head. After Shields and Winters left, Mealer was able to contact the Kokomo Police Department for help. Mealer was thereafter flown by helicopter to a hospital in Fort Wayne for treatment and discharged after three days.

[5]     On June 1, 2017, the State filed an Information, charging Shields with Count I, attempted murder, a Level 1 felony; and Count II, robbery, a Level 2 felony. On August 31, 2018, the State amended the charging Information to include Count III, aggravated battery, a Level 3 felony. On September 12, 2018, the parties entered into a plea agreement wherein Shields agreed to plead guilty to Level 3 felony aggravated battery. In exchange, the State agreed to dismiss the remaining charges.

[6]     On October 17, 2018, the trial court conducted a guilty plea hearing. After a factual basis for Shields' aggravated battery offense was established, the trial court accepted Shields' guilty plea and proceeded to sentencing Shields to sixteen years in the Department of Correction with one year suspended to probation.

[7]     Shields now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Credit Time*

[8]     Shields asserts that the trial court erred when it calculated his pretrial credit time.

[9]     As our supreme court has noted, there are two types of credit that must be calculated: "(1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999). Credit time is a matter of statutory right and trial courts do not

have discretion in awarding or denying such credit. *Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015).

[10]     Consistent with the sentencing order, the Abstract of Judgment read that Shields was entitled to receive accrued time of 112 days and 37.3 good time credit, totaling 149.3 days of credit time. On appeal, Shields contends that his actual time served from the date of his arrest, June 3, 2017, to his release date of September 22, 2017, was 115 days instead of 112 days. The Chronological Case Summary (CCS) shows that Shields was arrested for the instant offense on June 3, 2017, and was released on bond on September 25, 2017. The State agrees that Shields is entitled to two additional days of accrued credit time.

[11]     Also, Shields contends that he is entitled to an additional one day of good time credit during that period. Indiana Code section 35-50-6-4(b)(2), provides that a person who is imprisoned and awaiting trial or sentencing for a crime other than a Level 6 felony or misdemeanor is initially assigned to Class B. Such a person earns one day of good time credit for every three days the person is confined awaiting trial or sentencing. I.C. § 35-50-6-3.1(c). The State concedes that Shields deserves one day of good time credit during that period.

[12]     Based on the foregoing, and consistent with this opinion, we remand to the trial court for the recalculation of Shields' credit time.

## II. *Inappropriate Sentence*

[13]     Shields also contends that his sixteen-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B)

empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing that both prongs of the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id.*

[14] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). For his Level 3 felony aggravated battery, Shields faced a sentencing range of three to sixteen years, with the advisory sentence being nine. I.C. § 35-50-2-5. Shields was ordered to serve the maximum sentence of sixteen years.

[15] We first examine the nature of Shields' offense. The record shows that Shields first shot Mealer in the head, after which it appears that Shields coaxed Winters

into shooting Mealer a second time. At the sentencing hearing, Mealer testified that he suffers from "excruciating headaches" and nausea, and he still has a bullet lodged in his brain. (Tr. Vol. II, pp. 12-13). Prior to sentencing Shields, the trial court noted:

> You are very lucky, Mr. Shields, that Mr. Mealer is alive with us today. It's simply by the grace of God that, you shot him in the forehead with no provocation, for no apparent reason, that he is not deceased and thank God he is not and you're a very lucky man in that he was able on his own to find help and that with medical help he is with us today. Otherwise, you would be [looking] a[t] a murder charge and going to prison for 65 years.

(Tr. Vol. II, pp. 20-21).

[16] "The character of the offender is found in what we learn of the offender's life and conduct." *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Included in the assessment of a defendant's character is a review of his criminal history. *Garcia v. State*, 47 N.E.3d, 1249, 1251 (Ind. Ct. App. 2015). Also, a record of arrests is relevant to a trial court's assessment of the defendant's character. *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005).

[17] Our review of the character of the offender reveals that Shields was seventeen-years old at the time he committed the instant offense. He was originally charged with the attempted murder of Mealer but ultimately pleaded guilty to Level 3 felony aggravated battery. As for his prior criminal history, the PSI revealed that in 2011, Shields was adjudicated as a delinquent for unlawful possession of a drug or legend drug. In 2013 and 2016, he was arrested for

disorderly conduct and conversion, but no action was taken against him. Shields' drug abuse also reflects poorly on his character. In the PSI, Shields admitted that he began using marijuana at the age fourteen, and that he smoked marijuana two or three times a week.

[18] In light of the foregoing, we decline to find that Shields' sixteen-year sentence is inappropriate in light of the nature of the offenses and his character.

## CONCLUSION

[19] Based on the foregoing, we find that Shields' sentence is not inappropriate in light of the nature of the offense and his character. However, consistent with this opinion, we remand to the trial court for the recalculation of Shields' credit time.

[20] Affirmed and remanded with instructions.

[21] Bailey, J. and Pyle, J. concur