## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 23 2019, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dustten Hitch,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 23, 2019

Court of Appeals Case No.
19A-CR-776

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1605-F6-2820

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Dustten Hitch (Hitch), appeals the trial court's denial of his motion for jail time credit.

We affirm.

# ISSUE

Hitch presents one issue for our review, which we restate as: Whether the trial court erred when it denied Hitch's motion for jail time credit.

# FACTS AND PROCEDURAL HISTORY

On May 17, 2016, the State filed an Information, charging Hitch with Count I, possession of methamphetamine, a Level 6 felony; and Count II, unlawful possession of a syringe, a Level 6 felony. Hitch pled guilty to Count I and was sentenced to two years suspended to probation. As a condition of his probation, Hitch was placed on community corrections and was ordered to comply with the specific programs recommended by community corrections, which could consist of "work release/residential placement, day reporting, home detention, electronic monitoring, counseling or educational programs." (Appellant's App. Vol. II, p. 60).

On August 22, 2017, Hitch violated his probation by using marijuana and failing to report his living situation to community corrections. On December 13, 2017, after a verified petition to revoke probation was filed, a fact-finding hearing was conducted at which Hitch admitted to the violation. The trial

court returned him to probation under the same terms and conditions originally ordered. On January 2, 2018, he violated his probation a second time by failing to comply with the rules and regulations of the work release program. Again, a verified petition to revoke probation was filed and Hitch admitted to the violation. As before, the trial court ordered Hitch returned to probation under the same terms and conditions as originally imposed. On February 27, 2018, Hitch violated his probation again when he failed to return to the work release program and by bringing contraband into the work release program when he did return. On March 28, 2018, after a fact-finding hearing was conducted on the verified petition to revoke probation, the trial court ordered Hitch to seek inpatient treatment at the Wheeler Mission and to return to probation.

[6] On October 26, 2018, Hitch violated his probation a fourth time when he failed to complete the recommended treatment. On January 9, 2019, at the fact-finding hearing, Hitch testified that he had been placed on "house arrest" since the previous October. (Transcript p. 29). Robin Winters (Winters), Hitch's probation officer, testified that Hitch was placed on electronic monitoring on October 26, 2018, but due to equipment issues, Hitch had only been monitored for a few weeks. Before imposing its sentence, the trial court solicited recommendations as to Hitch's credit time. The State entered into evidence a "[c]redit [d]ays [r]eport" which determined that Hitch was entitled to 233 days of credit. (Appellant's App. Vol. II, p. 119). The report also noted that Hitch had been placed on "[d]ay [r]eporting with electronic monitoring" since October 26, 2018. (Appellant's App. Vol. II, p. 119). At the conclusion of the

hearing, and after Hitch admitted to the violation, the trial court revoked the balance of Hitch's remaining two years to the Bartholomew County Jail, while giving him credit for 233 days.

[7] On January 28, 2019, Hitch filed a motion for jail time credit, in which he argued that he was entitled to an additional 75 days of credit for the time he was being "monitored electronically." (Appellant's App. Vol. II, p. 126). The State responded that because Hitch was on electronic monitoring as a condition of probation, he was not entitled to the additional credit time. On February 15, 2019, the trial court denied Hitch's motion for jail time credit.

[8] Hitch now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[9] Hitch contends that the trial court erred when it refused to grant him an accrued 75 days as credit time towards his sentence. While not disputing that he was on electronic monitoring from October 26, 2018 to January 9, 2019, Hitch maintains that during this time he "was essentially on home detention and/or was confined." (Appellant's Br. p. 7). Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit. *Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015). The burden is on the appellant to show the trial court erred.

[10] Generally, a defendant sentenced to probation does not earn credit time. Ind. Code § 35-50-6-6; *see also Harding*, 27 N.E.3d at 332. Exceptions to this rule include defendants who are in a work release program and must return to jail

when not working or participating in other sanctioned activities and those confined to home detention who must remain at their residences except for work, to obtain medical care, or to attend an educational program or place of worship. *Id.* "Daily reporting probation, by contrast, affording a probationer nearly the same degree of freedom of movement, autonomy, and privacy as living at liberty," does not involve "the type of freedom restrictions that deserve credit time." *Hickman v. State*, 81 N.E.3d 1083, 1086 (Ind. Ct. App. 2017). As such, electronic monitoring is more akin to daily reporting probation as the probationer is not limited to a particular location or confined. Instead, electronic monitoring programs use GPS tracking to monitor an offender's whereabouts without restricting him to certain locales. *See Electronic Monitoring Program*, http://www.in.gov./idoc/3513.htm (last visited Oct. 9, 2019).

[11] At the time of sentencing, Hitch was placed on community corrections for a period of two years and ordered to comply with the specific programs recommended by community corrections, "which may include work release/residential placement, day reporting, home detention, electronic monitoring, counseling or educational programs." (Appellant's App. Vol. II, p. 61). As home detention, day reporting, and electronic monitoring are indicated as being separate placement options, it can be inferred that Bartholomew County community corrections program utilizes them as independent and distinct placement alternatives.

[12] During the dispositional hearing on his fourth probation violation, Hitch testified, without any accompanying details, that he had been placed on "house

arrest" since October. (Tr. p. 29). However, Winters advised the trial court that Hitch was "on electronic monitoring." (Tr. p. 32). She clarified that he was placed on electronic monitoring "for only a few weeks, due to equipment issues." (Tr. p. 32). During the proceeding, the State, without any objection from Hitch, entered Hitch's "[c]redit [d]ays [r]eport" into evidence which noted that Hitch "was on [d]ay [r]eporting with electronic monitoring: 10/26/18 – current." (Appellant's App. Vol. II, p. 119). Likewise, Hitch's motion for jail time credit affirmed that he was "monitored electronically" awaiting disposition. (Appellant's App. Vol. II, p. 126).

[13] Despite Hitch's assertion that he was on home detention and not on day reporting with electronic monitoring, the only evidence he points to in support of his argument is a dictionary definition of confinement. He fails to provide any details indicating a restrictive lifestyle which confined him to his home, nor does he cite to any legal authority awarding credit time to a probationer on day reporting with electronic monitoring. Because Hitch failed to carry his burden of proof, we cannot conclude that the trial court erred in not giving him credit time for the days on day reporting with electronic monitoring.

## CONCLUSION

[14] Based on the foregoing, we conclude that the trial court properly denied Hitch's motion for jail time credit.

[15] Affirmed.

[16] Vaidik, C. J. and Bradford, J. concur