## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 09 2020, 10:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John M. Ross,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 9, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1725<br><br>Appeal from the Ohio Circuit Court<br><br>The Honorable James D. Humphrey, Judge<br><br>Trial Court Cause No.<br>58C01-1802-F2-2 |

**Najam, Judge.**

# Statement of the Case

John M. Ross appeals the trial court's calculation of his credit time after Ross pleaded guilty to conspiracy to dealing in methamphetamine, as a Level 4 felony; possession of methamphetamine, as a Level 5 felony; and to being a habitual offender. We affirm.

# Facts and Procedural History

On May 16, 2019, Ross entered into a plea agreement with the State in which Ross agreed to plead guilty to conspiracy to dealing in methamphetamine, as a Level 4 felony; possession of methamphetamine, as a Level 5 felony; and to being a habitual offender. Pursuant to the plea agreement, Ross was entitled to "receive credit for time served as well as good time for the same." Appellant's App. Vol. 3 at 138. He also "waive[d] the right to appeal any sentence imposed . . . so long as the Court sentences [him] within the terms of this plea agreement." *Id.*

At his ensuing sentencing hearing, the court noted that the Presentence Investigation Report ("PSI") stated: "The Defendant has been serving a Probation Violation sentence" in another cause number, although the violation, which Ross admitted, was based on the instant offenses, and Ross was "entitled to [zero] days" of credit "on his current cause." *Id.* at 96. Ross responded that, because his agreement stated that he "shall receive credit for time served, as well as good time for the same," even though "these matters must run consecutively, by operation of law, . . . it would be appropriate for [Ross] to

receive credit for the time he was in jail on both this case and the probation violation . . . ." Tr. Vol. 2 at 19-20. The court asked Ross's counsel, "So, is your client asking for double credit?" *Id.* at 20. Ross's counsel responded, "Yes." *Id.* Thereafter, the trial court sentenced Ross with zero days credit time. This appeal ensued.

## Discussion and Decision

[4] Ross appeals the trial court's award of zero days of credit time. "Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit." *Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015). However, it is the appellant's burden to show that the trial court's calculation of credit time is erroneous. *Id.*

[5] Ross's entire argument on appeal is that his plea agreement unambiguously entitled him to an award of credit time in the instant cause equivalent to the award of credit time he received while serving his probation violation in a separate cause.[1] We cannot agree. Ross's plea agreement stated that he "shall receive credit for time served as well as good time for the same." Appellant's App. Vol. 3 at 138. That language unambiguously entitled him only to any credit time he had properly accrued "for time served" on the instant cause, which likewise required the court to consider extrinsic evidence, namely, the

---

[1] The State asserts that Ross waived his right to appeal his sentence in his plea agreement. But Ross's waiver was limited to only if the court sentenced him in accordance with the terms of the plea, and his argument on appeal is that that did not happen. As such, Ross's argument is properly before us.

PSI, to determine that time. Nothing in the plea agreement's language entitled Ross to a particular amount of credit time or to credit time to which he would not otherwise have been entitled.

[6] Ross makes no argument on appeal that he was entitled by statute to receive credit time in the instant cause in addition to the credit time attributed to his probation violation. His only argument is that his plea agreement was intended to require the court to double count his credit time. Again, we reject that argument and, as such, we affirm the trial court's calculation of Ross's credit time pursuant to his plea agreement.

[7] Affirmed.

Kirsch, J., and Brown, J., concur.